**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of _____ Texas
_____ (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Sungard AS New Holdings, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   None

3. **Debtor's federal Employer Identification Number (EIN)**

   8 3 – 4 6 1 5 9 0 7

4. **Debtor's address**

   **Principal place of business**

   565 E. Swedesford Road
   Number    Street

   Suite 320

   Wayne          PA      19087
   City           State   ZIP Code

   Chester
   County

   **Mailing address, if different from principal place of business**

   Number    Street

   P.O. Box

   City          State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City          State   ZIP Code

5. **Debtor's website** (URL)

   www.sungardas.com

| Debtor | Sungard AS New Holdings, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**6. Type of debtor**

- ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding  LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>   <u>1</u>   <u>8</u>   <u>2</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

Debtor **Sungard AS New Holdings, LLC**
_____
Name                                                                 Case number *(if known)* _____

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                           MM / DD / YYYY

            District _____  When _____  Case number _____
                                           MM / DD / YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor   **See Rider 1** _____   Relationship   **Affiliate** _____

            District   **Southern District of Texas** _____   When   **04/11/2022**
                                                                                          MM / DD / YYYY

            Case number, if known  _____

---

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                              Number          Street

                                              _____

                                              _____
                                              City                                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

            Contact name _____

            Phone _____

---

**Statistical and administrative information**

---

Debtor    Sungard AS New Holdings, LLC
          _____
          Name                                      Case number (if known)_____

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    04/11/2022
               _____
               MM  / DD / YYYY

✗  /s/ Michael K. Robinson                                   Michael K. Robinson
   _____                         _____
   Signature of authorized representative of debtor          Printed name

Title  Chief Executive Officer and President of Sungard AS New Holdings, LLC

---

Debtor    Sungard AS New Holdings, LLC
          _____
          Name                                        Case number (if known)_____

**18. Signature of attorney**    ✖ _Matthew D. Cavenaugh_    Date   4/11/2022
                                    Signature of attorney for debtor          MM / DD / YYYY

                                  Matthew D. Cavenaugh
                                  _____
                                  Printed name
                                  Jackson Walker LLP
                                  _____
                                  Firm name
                                  1401 McKinney Street, Suite 1900
                                  _____
                                  Number        Street
                                  Houston                                    TX          77010
                                  _____        _____       _____
                                  City                                       State       ZIP Code

                                  (713) 752-4200                              mcavenaugh@jw.com
                                  _____                 _____
                                  Contact phone                               Email address

                                  24062656                                    Texas
                                  _____                 _____
                                  Bar number                                  State

## RIDER 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in the Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors will move for joint administration of these cases under the case number assigned to the chapter 11 case of Sungard AS New Holdings, LLC.

1. InFlow LLC
2. Sungard AS New Holdings, LLC
3. Sungard AS New Holdings II, LLC
4. Sungard AS New Holdings III, LLC
5. Sungard Availability Network Solutions Inc.
6. Sungard Availability Services (Canada) Ltd. / Sungard, Services de Continuite des Affaires (Canada) Ltee
7. Sungard Availability Services Holdings (Canada), Inc.
8. Sungard Availability Services Holdings (Europe), Inc.
9. Sungard Availability Services Holdings, LLC
10. Sungard Availability Services Technology, LLC
11. Sungard Availability Services, LP
12. Sungard Availability Services, Ltd.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNGARD AS NEW HOLDINGS, LLC, | ) | Case No. 22-_____ ([__]) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Angelo Gordon | 24.548% |
| Arbour Lane Capital Management | 10.424% |
| Blackstone Credit | 15.243% |
| Carlyle Group Inc. | 11.647% |
| FS/KKR Advisor, LLC | 11.695% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNGARD AS NEW HOLDINGS, LLC, | ) | Case No. 22-_____ ([__]) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| ABRY Advanced Securities Fund III, L.P. | 888 Boylston Street, Suite 1600 Boston, MA 02199-0000 | 1.052% |
| The Northern Trust Co of Conn – Advisors Funds for Empl Benefits Trusts | Advent Capital Management, LLC 888 Seventh Avenue – 31st Floor New York, NY 10019 | 0.065% |
| AG Capital Recovery Partners VIII, LP | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 0.769% |
| AG Catalooche, LP | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 1.205% |
| AG Centre Street Partnership, L.P. | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 3.139% |
| AG Corporate Credit Opportunities Fund, LP | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 1.599% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| AG Global Debt Strategy Partners, L.P. | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 1.199% |
| AG MM, LP | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 1.860% |
| AG Super Fund Master, L.P. | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 4.184% |
| AG SF Master (L), L.P. | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 4.159% |
| James River Insurance Company | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 0.183% |
| JRG Reinsurance Company, Ltd | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 0.320% |
| Kaiser Foundation Hospitals | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 1.120% |
| Kaiser Permanente Group Trust | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 0.789% |
| Northwoods Capital X, Limited | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 0.548% |
| Northwoods Capital XI-B, Limited | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 0.655% |
| Northwoods Capital XII-B, Limited | c/o Angelo Gordon & Co. LP 245 Park Avenue, 24th Floor New York, NY 10167-0002 | 0.795% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Northwoods Capital XIV-B, Limited | c/o Angelo Gordon & Co. LP<br>245 Park Avenue, 24th Floor<br>New York, NY 10167-0002 | 0.661% |
| Northwoods Capital XV, Limited | c/o Angelo Gordon & Co. LP<br>245 Park Avenue, 24th Floor<br>New York, NY 10167-0002 | 0.522% |
| Northwoods Capital XVI, Limited | c/o Angelo Gordon & Co. LP<br>245 Park Avenue, 24th Floor<br>New York, NY 10167-0002 | 0.401% |
| Northwoods Capital XVII, Limited | c/o Angelo Gordon & Co. LP<br>245 Park Avenue, 24th Floor<br>New York, NY 10167-0002 | 0.439% |
| Alcof II Nubt, L.P. | Arbour Lane Capital Management<br>251 Little Falls Drive<br>Wilmington, DE 19808 | 10.424% |
| Elevation CLO 2013-1, Ltd. | 190 Elgin Avenue<br>George Town, Grand Cayman, KY KY1-9005 | 0.102% |
| Elevation CLO 2014-2, Ltd. | 190 Elgin Avenue<br>George Town, Grand Cayman, KY KY1-9005 | 0.274% |
| Elevation CLO 2016-5, Ltd. | 190 Elgin Avenue<br>George Town, Grand Cayman, KY KY1-9005 | 0.078% |
| Peaks CLO 1, Ltd. | 190 Elgin Avenue<br>George Town, Grand Cayman, KY KY1-9005 | 0.206% |
| Peaks CLO 2, Ltd. | Cayman Corporate Centre, 27 Hospital Road<br>George Town, Grand Cayman, KY KY1-9008 | 0.098% |
| Astra Sicav Sif – Trisin | 4 Rue Jean Monnet<br>Luxembourg, Luxembourg 2180 | 0.010% |
| Alcestis Invesement SICAV, S.A. | P de la Castellana, 92<br>Madrid, Spain 28046 | 0.007% |
| Sigfrido - S.C.A. Sicav - Sif | P de la Castellana, 92<br>Madrid, Spain 28046 | 0.007% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Barclays Capital | 745 7th Ave<br>New York, NY 10019 | 0.078% |
| Benefit Street Partners CLO II, Ltd. | Queensgate House<br>P. O. Box 1093<br>113 South Church Street<br>George Town, Grand Cayman, KY KY1-1102 | 0.136% |
| Benefit Street Partners CLO III, Ltd. | Queensgate House<br>P.O. Box 1093<br>113 South Church Street<br>George Town, Grand Cayman, KY KY1-1102 | 0.136% |
| Benefit Street Partners CLO IV, Ltd. | Boundary Hall, Cricket Square,<br>161 Elgin Ave., George Town,<br>Grand Cayman, KY KY1-1102 | 0.137% |
| Benefit Street Partners CLO V-B, Ltd. | Queensgate House<br>P.O. Box 1093<br>113 South Church Street<br>George Town, Grand Cayman, KY  KY1-1102 | 0.093% |
| Benefit Street Partners CLO VIII, Ltd | Queensgate House<br>P. O. Box 1093<br>113 South Church Street<br>George Town, Grand Cayman, KY KY1-1102 | 0.092% |
| Benefit Street Partners CLO XI, Ltd. | Cayman Corporate Centre<br>27 Hospital Road<br>George Town, Grand Cayman, KY KY1-9008 | 0.153% |
| Benefit Street Partners CLO XII, Ltd | Cayman Corporate Centre<br>27 Hospital Road<br>George Town, Grand Cayman, KY KY1-9008 | 0.192% |
| Bank of America, N.A. | 214 North Tryon Street<br>NC1-027-15-01<br>Charlotte, NC 28255 | 0.891% |
| BOFA Securities, Inc. | 222 Broadway, 11th Floor<br>New York, NY 10038 | 0.370% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| BOC Ventures LLC | 113 Woodside Drive<br>Greenwich, CT 06830 | 0.219% |
| Carlyle C17 CLO, LTD | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.105% |
| Carlyle Global Market Strategies CLO 2012-3, LTD | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.564% |
| Carlyle Global Market Strategies CLO 2012-4, LTD | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.576% |
| Carlyle Global Market Strategies CLO 2013-1, LTD | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.564% |
| Carlyle Global Market Strategies CLO 2013-2, LTD | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.201% |
| Carlyle Global Market Strategies CLO 2013-3, Ltd. | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.443% |
| Carlyle Global Market Strategies CLO 2013-4, Ltd. | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.341% |
| Carlyle Global Market Strategies CLO 2014-1, LTD | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.442% |
| Carlyle Global Market Strategies CLO 2014-2-R, LTD | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.383% |
| Carlyle Global Market Strategies CLO 2014-3-R, LTD | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.714% |
| Carlyle Global Market Strategies CLO 2014-4-R LTD | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.565% |
| Carlyle Global Market Strategies CLO 2014-5, Ltd. | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.574% |
| Carlyle Global Market Strategies CLO 2015-1, Ltd. | 520 Madison Ave, 40th Floor<br>New York, NY 10022 | 0.582% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Carlyle Global Market Strategies CLO 2015-3 Ltd. | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.561% |
| Carlyle Global Market Strategies CLO 2015-4 Ltd. | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.507% |
| Carlyle Global Market Strategies CLO 2015-5, Ltd. | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.468% |
| Carlyle Global Market Strategies CLO 2016-1, Ltd. | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.503% |
| Carlyle Global Market Strategies CLO 2016-3, Ltd. | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.529% |
| Carlyle US CLO 2016-4, LTD | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.609% |
| Carlyle US CLO 2017-1 LTD | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.570% |
| Carlyle US CLO 2017-2, LTD | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.387% |
| Carlyle US CLO 2017-3, LTD | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.530% |
| Carlyle US CLO 2017-4, LTD | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.377% |
| Carlyle US CLO 2017-5, LTD | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.302% |
| Carlyle US CLO 2018-1, Ltd. | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.158% |
| Carlyle US CLO 2018-3, LTD | 520 Madison Ave, 40th Floor New York, NY 10022 | 0.091% |
| Cetus Capital III, L.P. | 8 Sound Shore Drive, Suite 303 Greenwich, CT 06830 | 0.287% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Littlejohn Opportunities Master Fund, L.P. | 8 Sound Shore Drive, Suite 303 Greenwich, CT 06830 | 0.248% |
| OFM II, L.P. | 8 Sound Shore Drive, Suite 303 Greenwich, CT 06830 | 0.262% |
| VSS Fund, L.P. | 8 Sound Shore Drive, Suite 303 Greenwich, CT 06830-7242 | 0.242% |
| Citigroup Global Markets Inc. | 1615 Brett Road New Castle, DE 19720 | 0.067% |
| Credit Suisse Securities (USA) LLC | Eleven Madison Ave., 4th Floor New York, NY 10010 | 7.242% |
| Deutsche Bank AG, New York Branch | 60 Wall Street, 2nd Floor MS: NYC60W-0220 Desk J26 New York, NY 1005-2858 | 1.019% |
| Ellington Credit Opportunities, Ltd. | Queensgate House, 113 South Church Street P.O. Box 1093 George Town, Grand Cayman, KY KY1-1102 | 0.411% |
| EF Securities LLC | 53 Forest Ave. Old Greenwich, CT 06870 | 0.582% |
| EMGH Investments LLC | 53 Forest Ave. Old Greenwich, CT 06870 | 0.066% |
| EPO II (B) Special Holdings Ltd. | 53 Forest Ave. Old Greenwich, CT 06870 | 0.213% |
| EPO (B) Special Holdings Ltd. | 53 Forest Ave. Old Greenwich, CT 06870 | 0.153% |
| Ellington Special Opportunities LLC | 53 Forest Ave. Old Greenwich, CT 06870 | 0.560% |
| St. Bernard Opportunity Fund I, Ltd. | 53 Forest Ave. Old Greenwich, CT 06870 | 0.367% |
| BNPP IP CLO 2014-II Ltd | 75 Fort Street, PO Box 1350 George Town, Grand Cayman, KY KY1-1108 | 0.269% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Cooper River LLC | 555 California Street, Floor 50<br>San Francisco, CA 94104 | 0.502% |
| FS Global Credit Opportunities Fund | 201 Rouse Boulevard<br>Philadelphia, PA 19112 | 5.952% |
| FS Investment Corporation II | 555 California Street, Floor 50<br>San Francisco, CA 94104 | 0.758% |
| FS Investment Corporation III | 555 California Street, Floor 50<br>San Francisco, CA 94104 | 1.796% |
| FS KKR Capital Corp | 555 California Street, Floor 50<br>San Francisco, CA 94104 | 0.789% |
| FS KKR Capital Corp. II | 555 California Street, Floor 50<br>San Francisco, CA 94104 | 1.312% |
| Jefferson Square Funding LLC | 555 California Street, Floor 50<br>San Francisco, CA 94104 | 0.394% |
| Race Street LLC | 555 California Street, Floor 50<br>San Francisco, CA 94104 | 0.192% |
| Bowman Park CLO, Ltd. | P.O. Box 1093<br>113 South Church Street<br>George Town, Grand Cayman, KY KY1-1102 | 0.066% |
| Catskill Park CLO, LTD. | 190 Elgin Avenue, George Town,<br>Grand Cayman, KY KY1-9005<br>Notices.CatskillParkCLOLtd@virtusllc.com | 0.044% |
| Cumberland Park CLO Limited | 190 Elgin Avenue<br>George Town, Grand Cayman, KY KY1-9005 | 0.132% |
| Dorchester Park CLO Limited | 3rd Floor, Europa House<br>Harcourt Centre, Harcourt Street<br>Dublin, IE | 0.177% |
| GSO Aiguille Des Grands Montets Fund I LP | 50 Queen Street North 1010<br>Kitchener, ON, CA N2H6M2 | 1.610% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| GSO Aiguille Des Grands Montets Fund II LP | 50 Queen Street North 1010 Kitchener, ON, CA N2H6M2 | 0.661% |
| GSO Aiguille Des Grands Montets Fund III LP | 50 Queen Street North 1010 Kitchener, ON, CA N2H6M2 | 0.101% |
| GSO Churchill Partners LP | Ugland House, South Church Street George Town, Grand Cayman, KY KY1-1104 | 2.087% |
| GSO Credit Alpha II Trading (Cayman) LP | 345 Park Ave, Floor 31 New York, NY 10154-0004 | 2.901% |
| GSO Credit Alpha Trading (Cayman) LP | 345 Park Ave, Floor 31 New York, NY 10154-0004 | 2.346% |
| GSO Credit-A Partners LP | 345 Park Ave, Floor 31 New York, NY 10154-0004 | 1.544% |
| GSO Harrington Credit Alpha Fund (Cayman) LP | 345 Park Ave, Floor 31 New York, NY 10154-0004 | 0.872% |
| GSO Palmetto Opportunistic Investment Partners LP | 345 Park Ave, Floor 31 New York, NY 10154-3302 | 2.014% |
| Jay Park CLO, Ltd. | 190 Elgin Avenue George Town, Grand Cayman, KY KY1-9005 | 0.069% |
| Seneca Park CLO, Ltd | 190 Elgin Avenue George Town, Grand Cayman, KY KY1-9005 | 0.354% |
| Stewart Park CLO, Ltd. | 190 Elgin Avenue George Town, Grand Cayman, KY KY1-9005 | 0.221% |
| Thayer Park CLO, Ltd. | Queensgate House, South Church Street P.O. Box 1093 George Town, Grand Cayman, KY KY1-1104 | 0.044% |
| Hancock Whitney Bank | Attn: Lauren Decker - Trust RPS Gulfport, MS 39501 | 0.018% |
| Harbeck Marital Trust GST UAD 4/15/03 | VV282N5948 Winkleman Rd. Hartland, WI 53029 | 0.0003% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Invesco Oppenheimer Fundamental Alternatives Fund | 6803 S. Tucson Way<br>Centennial, CO 80112 | 0.005% |
| Invesco Oppenheimer Master Loan Fund | 6803 S. Tucson Way<br>Centennial, CO 80112 | 0.075% |
| Invesco Oppenheimer Senior Floating Rate Fund | 6803 S. Tucson Way<br>Centennial, CO 80112` | 0.812% |
| Invesco Oppenheimer Senior Floating Rate Plus Fund | 6803 S. Tucson Way<br>Centennial, CO 80112 | 0.005% |
| J.H. Lane Partners Master Fund, LP | 126 East 56th Street, Suite 1620<br>New York, NY 10022 | 1.011% |
| J.P. Morgan Securities LLC | 500 Stanton Christiana Rd, DE3-4127<br>Newark, DE 60606 | 1.496% |
| Jane Street Capital | 250 Vesey St, 6th Floor<br>New York, NY 10281 | 0.012% |
| JMP Credit Advisors CLO III(R) Ltd | 8000 Avalon Blvd, Suite 460<br>Alpharetta, GA 30009 | 0.175% |
| JMP Credit Advisors CLO IV Ltd | 8000 Avalon Blvd, Suite 460<br>Alpharetta, GA 30009 | 0.221% |
| Bulwarkbay Credit Opportunities Master Fund LTD | 20 Winthrop Square, 2nd Floor<br>Boston, MA 02110 | 0.118% |
| Makor Investment & Finance Corporation (MIFCOR) | 4 Chemin Du Port Noir<br>Geneva, Switzerland 1207 | 0.134% |
| Russell Investment Funds - Strategic Bond Fund | 1301 2nd Ave, Floor 18<br>Seattle, WA 98101-3814 | 0.039% |
| Russell Strategic Bond Fund | 1301 2nd Ave, Floor 18<br>Seattle, WA 98101-3814 | 0.209% |
| Viacom Defined Benefit Master Trust | 1515 Broadway<br>New York, NY 10036 | 0.036% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Sprint Master Trust | 6220 Sprint Pkwy<br>Overland Park, KS 66251-6118 | 0.086% |
| Abbott AbbVie Multiple Employer Pension Plan Trust | 320 Park Avenue, Suite 1600<br>New York, NY 10022 | 0.064% |
| Abbott Laboratories Annuity Retirement Trust | 320 Park Avenue, Suite 1600<br>New York, NY 10022 | 0.095% |
| MidOcean Credit Focus Fund I LP | 320 Park Avenue, Suite 1600<br>New York, NY 10022 | 0.054% |
| MidOcean Credit Opportunity Master Fund, LP | 320 Park Avenue, Suite 1600<br>New York, NY 10022 | 0.287% |
| MJX AM - Venture XIX CLO, Limited | 12 E 49th Street, 38th Floor<br>New York, NY  10017 | 0.100% |
| MJX AM - Venture XXI CLO Limited | 12 E 49th Street, 38th Floor<br>New York, NY  10017 | 0.099% |
| MJX Asset Management LLC | 12 E 49th Street, 38th Floor<br>New York, NY  10017 | 0.197% |
| MJX Partners LLC | 12 E 49th Street, 38th Floor<br>New York, NY  10017 | 0.373% |
| Venture 28A CLO, Limited | 12 E 49th Street, 38th Floor<br>New York, NY  10017 | 0.088% |
| Venture XIV CLO, Limited | 12 E 49th Street, 38th Floor<br>New York, NY  10017 | 0.092% |
| Venture XVII CLO, Limited | 12 E 49th Street, 38th Floor<br>New York, NY  10017 | 0.176% |
| Venture XVIII CLO, Limited | 12 E 49th Street, 38th Floor<br>New York, NY  10017 | 0.176% |
| Venture XX CLO Limited | 12 E 49th Street, 38th Floor<br>New York, NY  10017 | 0.022% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Venture XXIX CLO, Limited | 12 E 49th Street, 38th Floor<br>New York, NY 10017 | 0.088% |
| Venture XXX CLO, Limited | 12 E 49th Street, 38th Floor<br>New York, NY 10017 | 0.088% |
| MKR Advisory Services, LLC | REDACTED | 1.111% |
| BBH & Co. f/b/o Nomura Funds Ireland - US High Yield Bond Fund | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.008% |
| California Public Employees' Retirement System | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.010% |
| High Yield Corporate Bond Open Mother Fund | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.054% |
| Kapitalforeningen Industriens Pension Portfolio, High Yield Obligationer III | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.006% |
| Kapitalforeningen MP Invest High Yield Obligationer V | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.013% |
| L3Harris Pension Master Trust | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.001% |
| Louisiana State Employees' Retirement System | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.003% |
| Montgomery County Employees' Retirement System | 310 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.002% |
| Nomura Multi Managers Fund II, US High Yield Bond | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.001% |
| Nomura US Attractive Yield Corporate Bond Fund Mother Fund | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.008% |
| Pinnacol Assurance | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.003% |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Stichting Pensioenfonds Hoogovens | 309 West 49th Street, 19th Floor<br>New York, NY 10019-7316 | 0.005% |
| IRA FBO Richard Fels Pershing LLC as Custodian Roth | 227 Sunset Avenue<br>Ridgewood, NJ 07450 | 0.056% |
| Evans Grove CLO, Ltd. | 222 South Riverside Plaza, Suite 620<br>Chicago, IL 60606 | 0.177% |
| Lockwood Grove CLO, Ltd. | 222 South Riverside Plaza, Suite 620<br>Chicago, IL 60606 | 0.027% |
| Monarch Grove CLO, Ltd. | 222 South Riverside Plaza, Suite 620<br>Chicago, IL 60606 | 0.130% |
| Tavira Securities Ltd. | 88 Wood Street, 13th Floor<br>London, United Kingdom EC2V 7DA | 0.414% |
| Terrence J. Anderson | REDACTED | 0.328% |
| Tortuga 2014, Sicav, S.A. | Calle Serrano 37<br>Madrid, Spain 28001 | 0.007% |
| UBS AG-Stamford Branch | Bahnhofstrasse 45<br>Zurich, Switzerland ch-8098 | 1.244% |

Fill in this information to identify the case:

Debtor name: Sungard AS New Holdings, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known):

☐ Check if this is an amended filing

<u>Official Form 204</u>

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 4/10

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ENSONO LP<br>3333 FINLEY RD<br>DOWNERS GROVE, IL 60515 | ATTN: NICK LOFASO<br>TELEPHONE: 215-280-7350<br>EMAIL: NICHOLAS.LOFASO@ENSONO.COM | TRADE | UNLIQUIDATED | | | $3,808,280 |
| 2 | 401 NORTH BROAD LESSEE, LLC<br>C/O AMERIMAR 401 NORTH BROAD MANAGEMENT CO.<br>50 SOUTH 16TH STREET<br>PHILADELPHIA, PA 19102 | ATTN: DAVID HAGAN<br>TELEPHONE: 215-893-6057<br>EMAIL: DHAGAN@NETRALITY.COM | LANDLORD | UNLIQUIDATED | | | $2,400,717 |
| 3 | MICRO FOCUS LLC<br>4555 GREAT AMERICA PARKWAY, SUITE 400<br>SANTA CLARA, CA 95054 | ATTN: BROOK HOFFMAN (MCLAUGHLIN)<br>TELEPHONE: 303-209-0079<br>EMAIL: BROOK.MCLAUGHLIN@MICROFOCUS.COM | TRADE | | | | $1,517,345 |
| 4 | AVANT COMMUNICATIONS<br>2 N. RIVERSIDE PLAZA, SUITE 2450<br>CHICAGO, IL 60606 | ATTN: SHANE MCNAMARA<br>EMAIL: SMCNAMARA@GOAVANT.NET | MARKETING PARTNER | CONTINGENT, UNLIQUIDATED | | | $1,372,560 |
| 5 | BRIDGEPOINTE TECHNOLOGIES, INC.<br>3250 LACEY RD #10<br>DOWNERS GROVE, IL 60515 | ATTN: GARY JACOBS<br>EMAIL: GJACOBS@BPT3.NET | MARKETING PARTNER | CONTINGENT, UNLIQUIDATED | | | $1,068,030 |
| 6 | PSE&CO<br>325 COUNTY AVE<br>SECAUCUS, NJ 07094 | ATTN: DENNIS O'CONNOR<br>TELEPHONE: 973-445-1518<br>EMAIL: DENNIS.OCONNOR@PSEG.COM | UTILITY PROVIDER | UNLIQUIDATED | | | $1,038,324 |
| 7 | EMC CORPORATION<br>176 SOUTH STREET<br>HOPKINTON, MA 01748 | ATTN: PAT FORTI<br>TELEPHONE: 610-809-9096<br>EMAIL: PAT.FORTI@DELL.COM | TRADE | UNLIQUIDATED | | | $840,234 |
| 8 | MICROLAND LIMITED<br>1B ECOSPACE OUTER RING ROAD<br>BELLANDUR, 560103 INDIA | ATTN: DEEPANJAN BISWAS<br>TELEPHONE: +44(0)77 2525 7948<br>EMAIL: DEEPANJAN.BISWAS@MICROLAND.COM | TRADE | UNLIQUIDATED | | | $799,797 |
| 9 | VERTIV CORPORATION<br>1050 DEARBORN DRIVE<br>COLUMBUS, OH 43085 | ATTN: HEATHER HILL<br>TELEPHONE: 614-216-9390<br>EMAIL: HEATHER.HILL@VERTIV.COM | TRADE | | | | $791,784 |
| 10 | VERITAS TECHNOLOGIES LLC<br>2625 AUGUSTINE DR,<br>SANTA CLARA, CA 95054 | ATTN: ANGELO SCIASCIA<br>TELEPHONE: 917-655-7303<br>EMAIL: ANGELO.SCIASCIA@VERITAS.COM | TRADE | | | | $684,974 |
| 11 | LJS ELECTRICAL CONTRACTOR, INC<br>430 COMMERCE BLVD, UNIT C<br>CARLSTADT, NJ 07072 | ATTN: LARRY J. SMITH<br>TELEPHONE: 201-729-2146<br>EMAIL: LSMITH@LJSELECTRIC | TRADE | | | | $675,943 |
| 12 | PRESIDIO NETWORK SOLUTIONS INC<br>ONE PENN PLAZA, SUITE 2501<br>NEW YORK, NY 10119 | ATTN: RYAN FISHER<br>TELEPHONE: 610-684-2915; 484-919-9692<br>EMAIL: RYANFISHER@PRESIDIO.COM | MARKETING PARTNER | CONTINGENT, UNLIQUIDATED | | | $644,270 |
| 13 | ELEMENT CRITICAL<br>7990 QUANTUM DRIVE<br>VIENNA, VA 22182 | ATTN: SHANE MENKING<br>EMAIL: SMENKING@ELEMENTCRITICAL.COM | TRADE | UNLIQUIDATED | | | $605,816 |
| 14 | 1500 NET-WORKS ASSOCIATES, L.P.<br>C/O AMERIMAR ENTERPRISES, INC.<br>210 WEST RITTENHOUSE SQUARE, SUITE 1900<br>PHILADELPHIA, PA 19103 | ATTN: SOPHIA KIMMEY<br>TELEPHONE: 646-627-7289; 646-553-5641<br>EMAIL: SKIMMEY@THENGGROUP.COM | LANDLORD | UNLIQUIDATED | | | $560,092 |
| 15 | SYKES ENTERPRISES INC<br>700 PARKWAY GLOBAL PARK, MAIN BUILDING<br>LA AURORA HEREDIA, 517-4005 COSTA RICA | ATTN: ALEXANDER BALTODANO<br>TELEPHONE: +506 2298-2347<br>EMAIL: ALEXANDER.BALTODANO@SYKES.COM | TRADE | | | | $558,187 |
| 16 | RUSSO FAMILY LIMITED PARTNERSHIP<br>C/O RUSSO DEVELOPMENT, LLC<br>570 COMMERCE BLVD<br>CARLSTADT, NJ 07072 | ATTN: ADAM PASTERNACK<br>TELEPHONE: 201-487-5657 X229<br>EMAIL: APASTERNACK@RUSSODEVELOPMENT.COM | LANDLORD | | | | $509,847 |
| 17 | REDWOOD DC ASSETS LLC<br>180 PEACHTREE STREET, SUITE 610<br>ATLANTA, GA 30303 | ATTN: DANIELLE MCKINNEY<br>TELEPHONE: 404-525-8190<br>EMAIL: DANIELLEMCKINNEY@MAPLETREE.COM.SG | LANDLORD | | | | $460,965 |
| 18 | LANDMARK INFRASTRUCTURE PARTNERS LP LLC<br>400 N. CONTINENTAL BLVD, SUITE 500<br>EL SEGUNDO, CA 90245 | ATTN: JOSEF BOBEK<br>TELEPHONE: 310-464-3172<br>EMAIL: JBOBEK@LANDMARKDIVIDEND.COM<br>- AND -<br>ATTN: VALERIE SILVA<br>TELEPHONE: 801-200-2587<br>EMAIL: VSILVA@LANDMARKDIVIDEND.COM | LANDLORD | | | | $403,471 |
| 19 | HATZEL & BUEHLER, INC.<br>PO BOX 7499<br>WILMINGTON, DE 19803 | ATTN: ROBIN VILLAVICENCIO<br>EMAIL: R.VILLAVICENCIO@HATZELANDBUEHLER.COM | TRADE | | | | $382,795 |
| 20 | 410 COMMERCE LLC<br>570 COMMERCE BLVD<br>CARLSTADT, NJ 07072 | ATTN: ADAM PASTERNACK<br>TELEPHONE: 201-487-5657 X229<br>EMAIL: APASTERNACK@RUSSODEVELOPMENT.COM | LANDLORD | | | | $353,748 |

Debtor    Sungard AS New Holdings, LLC _____                                           Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | AMAZON WEB SERVICES 410 TERRY AVENUE NORTH SEATTLE, WA 98109 | ATTN: GEORGE SOPHY EMAIL: SOPHYG@AMAZON.COM | TRADE | UNLIQUIDATED | | | $346,630 |
| 22 | NSC GLOBAL, LLC WEST BUILDING 1, LONDON BRIDGE, 3RD FLOOR LONDON, SE19BG UK | ATTN: NEIL NEWING TELEPHONE: +44(0)77 7615 0594 EMAIL: NEIL.NEWING@NSCGLOBAL.COM | TRADE | | | | $325,109 |
| 23 | 760 WASHINGTON AVENUE LLC C/O RUSSO DEVELOPMENT LLC 570 COMMERCE BLVD CARLSTADT, NJ 07072 | ATTN: ADAM PASTERNACK TELEPHONE: 201-487-5657 X229 EMAIL: APASTERNACK@RUSSODEVELOPMENT.COM | LANDLORD | | | | $322,256 |
| 24 | EMCOR SERVICES (FLUIDICS) 9815 ROOSEVELT BLVD #A PHILADELPHIA, PA 19114 | ATTN: MIKE IACOBUCCI EMAIL: MIACOBUCCI@FLUIDICS.COM | TRADE | | | | $291,009 |
| 25 | DI PROPCO LLC C/O LANDMARK DIVIDEND LLC 400 N. CONTINENTAL BLVD, SUITE 500 EL SEGUNDO, CA 90245 | ATTN: JOSEF BOBEK TELEPHONE: 310-464-3172 EMAIL: JBOBEK@LANDMARKDIVIDEND.COM - AND - ATTN: VALERIE SILVA TELEPHONE: 801-200-2587 EMAIL: VSILVA@LANDMARKDIVIDEND.COM | LANDLORD | | | | $288,469 |
| 26 | DATACENTERS.COM 10333 E DRY CREEK RD, SUITE 430 ENGLEWOOD, CO 80112 | ATTN: JOEL ST GERMAIN TELEPHONE: 303-880-1390 EMAIL: JOEL@DATACENTERS.COM | MARKETING PARTNER | CONTINGENT, UNLIQUIDATED | | | $282,754 |
| 27 | SOFTWARE ONE, INC. 20875 CROSSROADS CIRCLE, SUITE #1 WAUKESHA, WI 53186 | ATTN: JASON SHAPOT TELEPHONE: 610-873-2328 EMAIL: JASON.SHAPOT@SOFTWAREONE.COM | TRADE | | | | $272,146 |
| 28 | NET2VAULT, LLC 4900 SW GRIFFITH DRIVE, SUITE 275 BEAVERTON, OR 97005 | ATTN: LIZ MAGUIRE TELEPHONE: 503-445-8282 EMAIL: LIZ@NET2VAULT.COM | TRADE | UNLIQUIDATED | | | $258,487 |
| 29 | M.F. MALONE, INC. 1043 GEN LAFAYETTE BLVD WEST CHESTER, PA 19382 | ATTN: COLIN MALONE TELEPHONE: 610-793-2733 EMAIL: COLIN.MALONE@MFMALONE.COM | TRADE | | | | $229,262 |
| 30 | MICROSOFT CORPORATION ONE MICROSOFT WAY REDMOND, WA 98052 | ATTN: CHRIS DANIELS TELEPHONE: 610-240-7119 EMAIL: CDANIELS@MICROSOFT.COM | TRADE | | | | $222,240 |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name   Sungard AS New Holdings, LLC

United States Bankruptcy Court for the:   Southern   District of   Texas
(State)

Case number (*If known*):   _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  List of Equity Security Holders, Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/11/2022                        ✗   /s/  Michael K. Robinson
MM / DD / YYYY                                    Signature of individual signing on behalf of debtor

                                                 Michael K. Robinson
                                                 Printed name

                                                 Chief Executive Officer and President of Sungard AS New Holdings, LLC
                                                 Position or relationship to debtor

*Execution Version*

**OMNIBUS ACTION BY WRITTEN CONSENT OF
THE GOVERNING BODIES OF
SUNGARD AS NEW HOLDINGS, LLC
SUNGARD AS NEW HOLDINGS II, LLC,
SUNGARD AS NEW HOLDINGS III, LLC,
SUNGARD AVAILABILITY SERVICES HOLDINGS, LLC,
SUNGARD AVAILABILITY SERVICES TECHNOLOGY, LLC,
INFLOW LLC,
SUNGARD AVAILABILITY NETWORK SOLUTIONS, INC.,
SUNGARD AVAILABILITY SERVICES HOLDINGS (CANADA), INC.,
SUNGARD AVAILABILITY SERVICES HOLDINGS (EUROPE), INC.,
SUNGARD AVAILABILITY SERVICES, LTD.,
SUNGARD AVAILABILITY SERVICES (CANADA) LTD./SUNGARD, SERVICES DE
CONTINUITÉ DES AFFAIRES (CANADA) LTEE
AND
SUNGARD AVAILABILITY SERVICES, LP**


**April 10, 2022**

The undersigned, being (a) all of the members of the board of directors and of the boards of managers, as applicable, (collectively, the "***Boards***") of: (1) Sungard AS New Holdings, LLC, a Delaware limited liability company ("***Holdings***"); (2) Sungard Availability Services Holdings, LLC, a Delaware limited liability company; (3) Sungard Availability Services Technology, LLC, a Delaware limited liability company; (4) InFlow LLC, a Delaware limited liability company; (5) Sungard Availability Network Solutions, Inc., a Delaware corporation; (6) Sungard Availability Services Holdings (Canada), Inc., a Delaware corporation; (7) Sungard Availability Services Holdings (Europe), Inc., a Delaware corporation; (8) Sungard Availability Services, Ltd.; and (9) Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuité des Affaires (Canada) Ltee ("***Sungard Canada***" and items (5) through (9) together, the "***Subsidiary Corporations***" and, each individually, a "***Subsidiary Corporation***") and (b) each of the members (each, a "***Member***") or the general partner, as applicable (a "***General Partner***" and, together with the Boards and the Members, the "***Governing Bodies***" and, each individually a "***Governing Body***") of: (10) Sungard AS New Holdings II, LLC, a Delaware limited liability company; (11) Sungard AS New Holdings III, LLC, a Delaware limited liability company (items (2), (3), (4), (10) and (11) together, the "***Subsidiary LLCs***" and each individually, a "***Subsidiary LLC***"); and (12) Sungard Availability Services, LP, a Pennsylvania limited partnership (the "***Subsidiary Partnership***" and, together with the Subsidiary LLCs and Subsidiary Corporations, the "***Subsidiaries***" and, each individually, a "***Subsidiary***" and, together with Holdings, the "***Companies***" and, each individually, a "***Company***"), the Subsidiary LLCs, the Subsidiary Corporations and the Subsidiary Partnership, do hereby consent and agree in writing pursuant to the Delaware General Corporation Law, the Delaware Limited Liability Company Act, the Pennsylvania Revised Uniform Limited Partnership Act and the Business Corporations Act (Ontario), as applicable, to the adoption of the following resolutions in lieu of a meeting of the applicable Governing Bodies, the call and notice of which are hereby expressly waived, and authorize the taking of all actions contemplated hereby.

**WHEREAS**, each Governing Body has reviewed and considered the materials presented by management and the financial and legal advisors to the Companies, including, but not limited to, Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**"), legal counsel to the Companies, Cassels Brock & Blackwell LLP, Canadian legal counsel to the Companies ("**Cassels**"), DH Capital, LLC ("**DH**") and Houlihan Lokey, Inc. ("**Houlihan**"), investment bankers to the Companies and FTI Consulting, Inc. ("**FTI**"), financial and restructuring advisor to the Companies, on the date hereof regarding, among other things, the liabilities, assets and liquidity of each Company and the other direct and indirect subsidiaries of Holdings, the strategic alternatives available to each Company and the potential impact (financial and otherwise) of the foregoing on each Company's respective businesses;

**WHEREAS**, in connection with each Governing Body's consideration of such liabilities, assets, liquidity, strategic alternatives and the impact thereof, each Governing Body has reviewed and evaluated the potential financing and/or restructuring alternatives available to each Company, including, but not limited to: (i) an equity or debt (including debtor in possession) financing; (ii) a reorganization; (iii) a merger, recapitalization, refinancing, amendment or exchange of the Companies' existing indebtedness or any of the Companies' capital stock, in each case, whether in-court or out-of-court and/or whether pursuant to a pre-negotiated or pre-planned restructuring plan or proposal or otherwise; (iv) a sale of some or all of the assets of the Companies; (v) the seeking of relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and the filing of voluntary petitions pursuant thereto; (vi) the seeking of relief pursuant to the *Companies' Creditors Arrangement Act* (Canada) R.S.C. 1985, c. C-36 as amended (the "**CCAA**") or the *Bankruptcy and Insolvency Act* (Canada) 1985, c. B-3; (vii) any combination of the foregoing; and (viii) any other strategic alternatives available to each Company (collectively, the "**Restructuring Alternatives**");

**WHEREAS**, each Governing Body has had the opportunity to consult with management and the financial and legal advisors to the Companies and to fully consider each of the strategic alternatives available to such Company, including, but not limited to, the Restructuring Alternatives;

**WHEREAS**, in contemplation of the foregoing, the Companies and the Companies' advisors have engaged with certain respective creditors of the Companies and other parties in interest in negotiating certain restructuring transactions (the "**Restructuring Transactions**") on the terms and subject to the conditions set forth in the Restructuring Support Agreement and the term sheet attached thereto substantially in the form attached hereto as <u>Exhibit A</u> (the "**Restructuring Support Agreement**") by and among (i) each of the Companies and (ii) non-affiliated holders of, or investment advisors, sub-advisors, or managers of discretionary accounts that hold, First Lien Credit Agreement Claims, Second Lien Credit Agreement Claims, Non-Extending Second Lien Credit Agreement Claims and, as applicable, Interests in the Companies (the "**Consenting Stakeholders**");

**WHEREAS**, capitalized terms used but not otherwise defined in these resolutions shall have the meanings ascribed to them in the Restructuring Support Agreement;

**WHEREAS**, the Companies and the Consenting Stakeholders would agree pursuant to the

Restructuring Support Agreement, among other things, to effectuate the Restructuring Transactions by the Companies commencing voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***") and seeking recognition in Canada of the applicable chapter 11 cases and relief obtained therein by commencing a proceeding under the CCAA in the Ontario Superior Court of Justice (Commercial List) (the "***Canadian Court***");

WHEREAS, each Governing Body, upon the advice of the Companies' advisors and upon the recommendation of the Strategic Planning Committee and after careful consideration of all of the facts and circumstances relating to each of the strategic alternatives available to the Companies, including, but not limited to, the Restructuring Alternatives, has determined that it is advisable and in the best interests of the Companies, their respective creditors, employees, equityholders and other parties in interest to enter into the Restructuring Support Agreement substantially in the form attached hereto as <u>Exhibit A</u> and to seek to consummate the transactions contemplated thereby, subject to the terms thereof;

WHEREAS, each Governing Body has determined, in the judgment of such Governing Body, that it is advisable and in the best interests of the Companies, their respective creditors and other parties in interest for each Company to file or cause to be filed a voluntary petition for relief under the provisions of the Bankruptcy Code in the Bankruptcy Court and to file the applicable application materials for a recognition proceeding with the Canadian Court;

WHEREAS, in connection with the implementation of the Restructuring Transactions and pursuant to the terms of the Restructuring Support Agreement, it is proposed that the Companies obtain secured debtor in possession financing on terms consistent with the DIP term sheet attached hereto as <u>Exhibit B</u> (the "***Term Loan DIP Term Sheet***" and the facility contemplated thereby, the "***Term Loan DIP Facility***"), which DIP Term Sheet shall be agreed to by Sungard AS New Holdings III, LLC, as borrower ("***Borrower***"), the other Companies, as guarantors (collectively such other Companies, the "***Guarantors***"), the administrative agent and the collateral agent thereunder (together, the "***Term Loan DIP Agent***") and the lenders providing financing thereunder (the "***Term Loan DIP Lenders***");

WHEREAS, in connection with the implementation of the Restructuring Transactions and pursuant to the terms of the Restructuring Support Agreement, it is proposed that the Companies obtain secured debtor in possession financing on terms consistent with the DIP term sheet attached hereto as <u>Exhibit C</u> (the "***ABL DIP Term Sheet***" (and, together with the Term Loan DIP Term Sheet, the "***DIP Term Sheets***") and the facility contemplated thereby, the "***ABL DIP Facility***" and, together with the Term Loan DIP Facility, the "***DIP Facilities***"), which ABL DIP Term Sheet shall be agreed to by the Borrower, the Guarantors, PNC Bank, National Association, as administrative agent under the ABL DIP Facility (the "***ABL DIP Agent***" and, together with the Term Loan DIP Agent, the "***DIP Agents***") and the lenders thereunder (the "***ABL DIP Lenders***" and, together with the Term Loan DIP Lenders, the "***DIP Lenders***");

WHEREAS, in connection with the DIP Facilities, it is proposed that the Guarantors will guarantee the obligations of Borrower in accordance with the DIP Term Sheets and each Company will grant to the DIP Agents and the DIP Lenders liens on, and continuing security interests in,

substantially all of such Company's property, whether now or hereafter acquired, to secure the Companies' obligations under the DIP Facilities in accordance with the DIP Term Sheets and any other agreements that may be entered into in connection therewith, including a credit agreement, documents, instruments, financing statements, filings and/or certificates related thereto or that may be necessary or desirable to effect the transactions contemplated thereby (together with all amendments, amendments and restatements, supplements, waivers, renewals, extensions, modifications, substitutions and replacements thereto and thereof, the "***DIP Facility Documents***");

**WHEREAS**, the directors of Sungard Availability Services (UK) Limited, an indirect subsidiary of Holdings (the "***UK Company***"), determined, at a duly call and held meeting of its board of directors on March 25, 2022, that it was in the best interests of the UK Company to place the UK Company into administration as soon as practicable, and the UK Company subsequently entered into administration ("***Administration***") on March 25, 2022;

**WHEREAS**, the Board of Holdings determined, at a duly called and held meeting of the Board of Holdings on March 17, 2022, that it was advisable and in the best interests of the Companies and their direct and indirect subsidiaries and affiliates to fund the Administration, and thereafter Holdings entered into that certain funding agreement by and among the UK Company, Benjamin Dymant and Ian Colin Wormleighton and Holdings for a loan of up to $7 million (£5.3 million) for the purpose of funding the Administration; and

**WHEREAS**, each Governing Body has determined, in the judgment of such Governing Body, that it is advisable and in the best interests of the Companies to provide additional funding to the UK Company in connection with the Administration in an amount consistent with the Approved Budget (as defined in the Term Loan DIP Term Sheet).

## RESTRUCTURING SUPPORT AGREEMENT

**NOW, THEREFORE, BE IT RESOLVED**, that it is appropriate and in the best interests of the Companies and their respective creditors, employees, equityholders and other parties in interest to enter into and execute the Restructuring Support Agreement substantially in the form attached hereto as Exhibit A and to seek to consummate the transactions contemplated thereby, subject to the terms thereof;

**RESOLVED FURTHER**, that the form, terms and provisions of the Restructuring Support Agreement and the Companies' execution and delivery of the Restructuring Support Agreement substantially in the form attached hereto as Exhibit A and the Companies' performance thereunder, hereby are, in all respects, authorized, approved, adopted and ratified;

**RESOLVED FURTHER**, that the Chief Executive Officer, President, Chief Financial Officer, Treasurer, Secretary and any other duly elected or appointed officer of each Company, as applicable (the "***Authorized Persons***") are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies to execute and deliver to the appropriate parties and to perform each Company's obligations under the Restructuring Support Agreement, including, but not limited to, the execution, delivery and performance of any agreements, documents, instruments or certificates constituting exhibits, annexes or schedules to,

or required to be executed pursuant to, the Restructuring Support Agreement, in each case, with such changes therein or additions thereto as the Authorized Person executing the same shall approve and the execution thereof by any such Authorized Person to be conclusive evidence of such approval of such changes or additions;

## CHAPTER 11 FILING

**RESOLVED FURTHER**, that in the business judgment of each Governing Body and based on the recommendation from management and the financial and legal advisors of the Companies, it is desirable and in the best interests of each Company, its creditors and other parties in interest that such Company shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (each, a "*Chapter 11 Case*" and, collectively, the "*Chapter 11 Cases*") under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers, and to take any and all action that such Authorized Persons deem necessary, appropriate or desirable to obtain such relief, including, without limitation, any action necessary, appropriate or desirable to maintain the ordinary course operation of such Company's businesses or to assist such Company in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code;

## CCAA RECOGNITION APPLICATION

**RESOLVED FURTHER**, that in the business judgment of each Governing Body and based on the recommendation from management and the financial and legal advisors of the Companies, it is desirable and in the best interests of each Company, its creditors and other parties in interest that Sungard Canada (and such other Company as may be necessary) shall be, and hereby is, authorized to file or cause to be filed an application for recognition in Canada under the CCAA of its Chapter 11 Case and to seek such other insolvency or bankruptcy relief in Canada in respect of itself or any other Company (the "*Canadian Proceedings*");

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed to execute and file on behalf of Sungard Canada (or such Company, as applicable) all petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers, and to take any and all action that such Authorized Persons deem necessary, appropriate or desirable to obtain such relief, including, without limitation, any action necessary, appropriate or desirable to maintain the ordinary course operation of such Company's businesses or to assist such Company in the Canadian Proceedings and in carrying out its duties under the provisions of the CCAA;

## DIP TERM SHEETS AND DIP FACILITIES; ADEQUATE PROTECTION

**RESOLVED FURTHER**, that the terms governing the DIP Facilities as set forth in the DIP Term Sheets are in the best interests of each Company and each Company's creditors,

employees, equityholders and other interested parties and it is in the best interests of each Company and each Company's creditors, employees, equityholders and other interested parties that (i) Borrower make the borrowings contemplated by the DIP Facilities, (ii) each Guarantor guarantee the obligations of Borrower thereunder and the obligations specified therein, (iii) each Company grant to the DIP Agents and the DIP Lenders a lien on and a continuing security interest in substantially all of such Company's property as contemplated by the DIP Term Sheets and (iv) each Company consummate the transactions contemplated by the DIP Facilities, including but not limited to, the execution, delivery and performance of the obligations under the DIP Facility Documents;

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies to obtain the DIP Facilities on the terms set forth in the DIP Term Sheets and each other DIP Facility Document, including, but not limited to, the execution, delivery and performance of any agreements, documents, instruments or certificates constituting exhibits, annexes or schedules to, or required to be executed pursuant to, the DIP Facility Documents, in each case, with such changes therein or additions thereto as the Authorized Person executing the same shall approve and the execution thereof by any such Authorized Person to be conclusive evidence of such approval of such changes or additions;

**RESOLVED FURTHER**, that Holdings is authorized to provide additional funding to the UK Company in connection with the Administration using proceeds in an amount consistent with the Approved Budget;

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies to take all such further actions, including, without limitation, to enter into any such funding agreement, to pay or approve the payment of funds to the UK Company and appropriate fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolution, which shall in his or her sole judgment be necessary, proper or advisable to perform any of such Company's obligations to carry out fully the intent of the foregoing resolution;

**RESOLVED FURTHER**, that the Companies shall provide certain adequate protection to the Companies' prepetition secured lenders, including adequate protection replacement liens, adequate protection superpriority claims and the receipt of payment of fees and expenses as adequate protection (the "***Adequate Protection Obligations***");

**RESOLVED FURTHER**, that the Companies as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to negotiate and incur the Adequate Protection Obligations, grant liens, make periodic payments and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents (collectively, the "***Adequate Protection Transactions***");

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies, as debtors and debtors in possession, to take such actions as in his or her reasonable discretion is determined

to be necessary, desirable or appropriate and execute the Adequate Protection Transactions, including delivery of (i) the DIP Facility Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any DIP Facility Documents (collectively, the "***Adequate Protection Documents***"), (ii) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the Agent and (iii) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the DIP Facility Documents or any other Adequate Protection Document;

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies to fix the terms of and to enter into, execute, file or deliver security, mortgage, pledge or other collateral agreements, documents, instruments, arrangements or statements, including, but not limited to, such financing statements or comparable documents required under the Uniform Commercial Code, the applicable personal property lien legislation in the relevant Canadian jurisdictions or comparable law as adopted in the relevant jurisdictions, and to make any and all expenditures, to incur any and all expenses, and to pay any and all required fees or taxes, as may be necessary, appropriate or advisable to create or perfect security interests in favor of the secured parties under the DIP Facilities, substantially on the terms described in the DIP Facility Documents;

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, the Companies to take all such further actions, including, without limitation, to pay or approve the payment of adequate protection, appropriate fees and expenses payable in connection with the Adequate Protection Transactions and appropriate fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his or her sole judgment be necessary, proper or advisable to perform any of such Company's obligations under or in connection with any of the Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

## RETENTION OF PROFESSIONALS

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and directed to employ Akin Gump to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers and conducting any sales process on behalf of each Company and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain Akin Gump in accordance with applicable law;

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and directed to employ the law firm of Jackson Walker LLP ("***Jackson Walker***") as co-bankruptcy counsel to represent and assist each Company in carrying out its duties under the

Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers and conducting any sales process on behalf of each Company and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain Jackson Walker in accordance with applicable law;

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and directed to employ Cassels as Canadian bankruptcy counsel to provide Canadian legal advice to the Companies, to represent and assist each Company in carrying out its duties under the CCAA and the Canadian Proceedings, and to take any and all actions to advance such Company's rights and obligations, including filing any petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers and conducting any sales process on behalf of each Company and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and, if required, to cause to be filed an appropriate application for authority to retain Cassels in accordance with applicable law;

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and directed to pay the fees and expenses of the proposed Canadian Court appointed Information Officer in the Canadian Proceedings, Alvarez & Marsal Canada Inc., and its counsel, Bennett Jones LLP, in connection with the Canadian Proceedings and, as applicable, on such terms and conditions as the Canadian Court shall subsequently approve;

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and directed to employ DH as special investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and obligations and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain DH in accordance with applicable law;

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and directed to employ Houlihan as restructuring investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain Houlihan in accordance with applicable law;

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and directed to employ FTI as financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate

retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain FTI in accordance with applicable law;

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and directed to employ Kroll Restructuring Administration LLC ("**Kroll**") as notice and claims agent to provide consulting services to each Company, including, but not limited to, noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and assisting with the preparation of each Company's schedules of assets and liabilities and a statement of financial affairs and any other services agreed upon by the parties relating to each Company's duties under the Bankruptcy Code and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain Kroll in accordance with applicable law;

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**RESOLVED FURTHER**, that each of the Authorized Persons be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deems necessary, appropriate, or desirable in connection with each Company's Chapter 11 Case or the Canadian Proceedings, with a view to the successful prosecution of the applicable proceeding, and cause to be executed and filed appropriate applications with the Bankruptcy Court or the Canadian Court for authority to retain the services of any other professionals, as necessary;

## GENERAL AUTHORITY

**RESOLVED FURTHER**, that the Authorized Persons are, and each of them hereby is, authorized and directed to take such further steps and execute and deliver such further documents, instruments, agreements, consents and filings as such officers, with the advice of counsel, may deem necessary or desirable to carry out any transactions contemplated by the above resolutions;

**RESOLVED FURTHER**, that the authority conferred upon any Authorized Person by these resolutions are in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, file and/or record any and

all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to any and all required fees or taxes, in each case as in such Authorized Person's judgment, shall be necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED FURTHER**, that any and all acts, transactions, agreements or certificates previously signed on behalf of each Company by any Authorized Officer in connection with or furtherance of the foregoing resolutions that are consistent with the foregoing resolutions be, and hereby are, in all respects approved, adopted, confirmed and ratified in all respects as the true acts and deeds of such Company, with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Governing Body of such Company and such officer(s) did execute the same;

**RESOLVED FURTHER**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements described in the foregoing resolutions shall in no manner derogate from the authority of any Authorized Person to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the matters contemplated by and the intent and purposes of the foregoing resolutions;

**RESOLVED FURTHER**, that if any resolution contained herein shall be adjudicated by a court of competent jurisdiction to be invalid, prohibited or unenforceable for any reason, then, to the greatest extent permitted by applicable law, such resolution, solely with respect to such jurisdiction, shall be ineffective, without affecting the validity or enforceability of any other resolution in such jurisdiction and without affecting the validity or enforceability of any resolution in any other jurisdiction;

**RESOLVED FURTHER**, that the Authorized Persons of each Company are, and each of them hereby is, authorized, empowered and directed to certify and furnish such copies of these resolutions and such statements as to the incumbency of such Company's officers, under seal if necessary, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof;

**RESOLVED FURTHER**, that this written consent may be executed in multiple counterparts, all of which shall be considered one and the same consent and shall become effective when signed by a majority of the members, all of the directors, a majority of the managers or the general partner, as applicable, of the applicable Governing Bodies; and

**RESOLVED FURTHER**, that this consent may be executed and delivered by means of facsimile, telecopy or other electronic transmission (including email of a "pdf" signature), this consent shall be treated in all manners and respects and for all purposes as an original consent and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, each undersigned Governing Body has duly executed this written consent as of the date first written above.

**BOARD OF MANAGERS:**
**SUNGARD AS NEW HOLDINGS, LLC**

_____
Jarrett Appleby

_____
Patrick Bartels

_____
Robert Guth

_____
Michael Robinson

IN WITNESS WHEREOF, each undersigned Governing Body has duly executed this written consent as of the date first written above.

**BOARD OF MANAGERS:**
**SUNGARD AS NEW HOLDINGS, LLC**

_____
Jarrett Appleby

DocuSigned by:

*Patrick Bartels*

96ACF578468A4F8...

_____
Patrick Bartels

_____
Robert Guth

_____
Michael Robinson

[Signature Page to Written Consent of the Governing Bodies]

IN WITNESS WHEREOF, each undersigned Governing Body has duly executed this written consent as of the date first written above.

BOARD OF MANAGERS:
SUNGARD AS NEW HOLDINGS, LLC

_____
Jarrett Appleby

_____
Patrick Bartels

DocuSigned by:

*Bob Guth*

E555EACD4D9B34CB...

Robert Guth

_____
Michael Robinson

IN WITNESS WHEREOF, each undersigned Governing Body has duly executed this written consent as of the date first written above.

**BOARD OF MANAGERS:**
**SUNGARD AS NEW HOLDINGS, LLC**

_____
Jarrett Appleby

_____
Patrick Bartels

_____
Robert Guth

DocuSigned by:

*Mike Robinson*

D4219E5F0B54444E...
_____
Michael Robinson

**SUNGARD AS NEW HOLDINGS, LLC**, as sole
Member of Sungard AS New Holdings II, LLC
**SUNGARD AS NEW HOLDINGS II, LLC**, as sole
Member of Sungard AS New Holdings III, LLC

DocuSigned by:

*Mike Robinson*

D4219EF0BE4444E...

**Name:  Michael Robinson**
**Title:  Chief Executive Officer**

[Signature Page to Written Consent of the Governing Bodies]

**SOLE DIRECTOR/MANAGER:**

**SUNGARD AVAILABILITY SERVICES HOLDINGS, LLC**
**SUNGARD AVAILABILITY SERVICES TECHNOLOGY, LLC**
**INFLOW LLC**
**SUNGARD AVAILABILITY NETWORK SOLUTIONS INC.**
**SUNGARD AVAILABILITY SERVICES HOLDINGS (CANADA), INC.**
**SUNGARD AVAILABILITY SERVICES, LTD.**

DocuSigned by:

*Mike Robinson*

D4219EF0BE4444E...

**Michael Robinson**

[Signature Page to Written Consent of the Governing Bodies]

**BOARD OF DIRECTORS:**
**SUNGARD AVAILABILITY SERVICES**
**HOLDINGS (EUROPE), INC.**

DocuSigned by:

*Mike Robinson*

D4219EE0BE4444E...

**Michael Robinson**

_____

**Michael Tobin**

[Signature Page to Written Consent of the Governing Bodies]

**BOARD OF DIRECTORS:**
**SUNGARD AVAILABILITY SERVICES**
**HOLDINGS (EUROPE), INC.**

_____

**Michael Robinson**

*Mike Tobin*

AA891B6A70AE469...

**Michael Tobin**

[Signature Page to Written Consent of the Governing Bodies]

**GENERAL PARTNER:**

**SUNGARD AVAILABILITY TECHNOLOGY, LLC,**
**as general partner of Sungard Availability Services, LP**

DocuSigned by:

*Mike Robinson*

D4218EF0BE4444E...

**Name:  Michael Robinson**
**Title:  Chief Executive Officer**

[Signature Page to Written Consent of the Governing Bodies]

**BOARD OF DIRECTORS:**
**SUNGARD AVAILABILITY SERVICES**
**(CANADA) LTD./SUNGARD, SERVICES DE**
**CONTINUITÉ DES AFFAIRES (CANADA) LTEE**

*Brad Lama*
0D6849EED4584C2...

**Brad Lama**

*Mike Robinson*
D4219EF0BE4444E...

**Michael Robinson**

## **Exhibit A**

**Restructuring Support Agreement**

[*Omitted*]

**<u>Exhibit B</u>**

**Term Loan DIP Term Sheet**

[*Omitted*]

## Exhibit C

**ABL DIP Term Sheet**

[*Omitted*]