# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 22-90018 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

## APPLICATION TO RETAIN
## JACKSON WALKER LLP AS CO-COUNSEL AND CONFLICTS
## COUNSEL FOR THE FOR THE DEBTORS AND DEBTORS IN POSSESSION

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for entry of an order (the "Order"), substantially in the form attached hereto, authorizing the Debtors to retain and employ Jackson Walker LLP ("JW" or the "Firm") as their co-counsel and conflicts counsel and respectfully state as follows:

---

[1] The last four digits of the Debtors' tax identification numbers are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions Inc. (1034); Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711). The location of the Debtors' service address for purposes of these chapter 11 cases is: 565 E. Swedesford Road, Suite 320, Wayne, PA 19087.

32300207v.1

## I. JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## II. BACKGROUND

4. On April 3, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. The U.S. Trustee's Office appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") on April 25, 2022 [Docket No. 137].

5. A detailed description of the Debtors' businesses, capital structure, and the events leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael K. Robinson, Chief Executive Officer and President of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 7] (the "First Day Declaration"),[2] incorporated herein by reference.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration and/or the Engagement Letter, as applicable.

### III.  RELIEF REQUESTED

6. The Debtors' desire to employ the Firm, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, (713) 752-4200 (telephone), (713) 752-4221 (facsimile), to serve as their co-counsel and conflicts counsel in these chapter 11 cases, in accordance with the conditions set forth in that certain Engagement Letter between the Debtors and the Firm, as of March 24, 2022 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit A**, and incorporated herein by reference.

7. In support of the Application, the Debtors submit the Declaration of Matthew D. Cavenaugh (the "Cavenaugh Declaration"), a partner of the Firm, which is attached hereto as **Exhibit B**.

A.  **Necessity for Retention of Co-Counsel and Conflicts Counsel and Scope of Services**

8. The Debtors have determined that the retention of co-counsel and conflicts counsel is necessary to the successful administration of these chapter 11 cases given their size and complexity, and that the Firm's employment would be in the best interest of the estates.  The Firm's complex chapter 11 experience, as well as its extensive practice before this Court, and knowledge of the Bankruptcy Local Rules and practices, make it substantively and geographically ideal to efficiently serve the needs of the Debtors.  The Firm regularly represents chapter 11 debtors in the Southern District of Texas and throughout Texas, and thus is well qualified by its experience to serve as co-counsel to the Debtors in these proceedings.

9. By separate application, the Debtors have also asked the Court to approve the retention of Akin Gump Straus Hauer & Feld LLP ("Akin") as lead counsel for the Debtors. The Firm has discussed the division of responsibilities with Akin and will avoid duplication of efforts.  To specifically disclose the division of labor, and to avoid unnecessary duplication of

services, the Firm is proposed to primarily provide the following services for its engagement in these chapter 11 cases as local and conflicts counsel to the Debtors:

- provide legal advice and services regarding local rules, practices, and procedures, including Fifth Circuit law;

- provide certain services in connection with administration of the chapter 11 cases, including, without limitation, preparing agendas, hearing notices, witness and exhibit lists, and hearing binders of documents and pleadings;

- review and comment on proposed drafts of pleadings to be filed with the Court;

- at the request of the Debtors, appear in Court and at any meeting with the United States Trustee, and any meeting of creditors at any given time on behalf of the Debtors as their local and conflicts bankruptcy co-counsel;

- perform all other services assigned by the Debtors to the Firm as local and conflicts bankruptcy co-counsel; and

- provide legal advice and services on any matter on which Akin may have a conflict or as needed based on specialization.

**B.    The Firm's Qualifications**

10.    The Debtors seek to retain the Firm as set forth herein because of the Firm's recognized and extensive experience and knowledge of chapter 11 business reorganization as well as its experience practicing in Texas and in this District.

11.    The Firm has been actively involved in many major chapter 11 cases and has represented many debtors in districts throughout Texas, including recently in the Southern District of Texas, for example: *In re 4E Brands Northamerica LLC,* Case No. 22-50009 (DRJ) (Bankr. S.D. Tex. May 2, 2022); *In re Strike, LLC,* Case No. 21-90054 (DRJ) (Bankr. S.D. Tex. Feb. 4, 2022); *In re Washington Prime Group Inc.,* Case No. 21-31948 (MI) (Bankr. S.D. Tex. July 27, 2021); *In re Katerra, Inc.,* Case No. 20-31861 (DRJ) (Bankr. S.D. Tex. Aug. 4, 2021).

12.    In preparing for its representation of the Debtors in these chapter 11 cases, JW has become familiar with the Debtors' businesses and many of the potential legal issues that may arise

4

in the context of these chapter 11 cases. The Debtors believe that JW is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

**C.     Compensation**

13.     The proposed arrangement for compensation is set forth in the Engagement Letter. *See* **Exhibit A**. The Firm's fees are determined on the basis of time billed at hourly rates. The Firm's hourly rates vary with the experience and seniority of its attorneys and legal assistants, and are adjusted on October 1 of each year. Work is assigned among attorneys and other professionals so as to meet the Debtors' needs, including timing requirements, in an economically efficient manner, typically resulting in blended rates of approximately $644 per hour or less. The Firm did not vary from, or agree to any alternatives to, its standard or customary billing arrangements for this engagement.

14.     Expenses related to the Firm's services will be included in the Firm's applications for compensation, which may include third-party disbursements, such as travel expenses, messenger charges, filing and recording fees, and other costs. It is the Firm's intent to bill such expenses at the Firm's cost. Certain other expenses, such as photocopying, computerized research and long distance tolls, will be billed in accordance with the Firm's standard schedule of charges. To the extent there may be large third-party disbursements, such as expert fees and expenses, mediation and arbitration fees, deposition costs, and substantial travel expenses, the Firm may ask that the Debtors be responsible for paying them directly, rather than through the Firm.

15.     The Firm's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtors' estates. The Firm will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, and any other

5

32300207v.1

orders of the Court.  The Debtors will be jointly and severally liable for all fees and expenses incurred by the Firm for services rendered to the Debtors pursuant to the Engagement Letter.

16. In connection with the Engagement Letter, the Debtors provided a retainer to the Firm in the amount of $270,856.00 for services performed and to be performed in connection with, and in contemplation of, the filing of these chapter 11 cases (the "Retainer").  Prior to the filing of these cases, the Firm received a payment in the aggregate amount of $187,751.55, which was the total amount due to the Firm for all prepetition services and reimbursement of filing fee expenses.

17. Matthew D. Cavenaugh's hourly rate is $950.00.  The rates of other restructuring attorneys in the Firm range from $435.00 to 985.00 an hour, and the paraprofessional rates range from $195.00 to $205.00 per hour.  These rates are consistent with rates that the Firm charges in other comparable chapter 11 cases, with no variation based upon the geographical location of a case.

**D.    The Firm is Disinterested**

18. To the best of the Debtors' knowledge, the JW attorneys have no interest adverse to the Debtors, or to the Debtors' bankruptcy estates, and are disinterested.  The Firm has no connections with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee, except as disclosed in the Cavenaugh Declaration.  The Cavenaugh Declaration demonstrates that although the Firm represents and has represented several of the Debtors' creditors or affiliates of the Debtors' creditors, (i) those matters are not substantially related to these chapter 11 cases; (ii) the representations are concluded; (iii) the representation is of an affiliate; or (iv) the representations and the claims of those creditors are immaterial and *de minimis*.

### E.  Supporting Authority

19. The Debtors seek approval to retain the Firm pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21. For all the reasons stated herein, the retention and employment of the Firm is warranted. Furthermore, as stated in the Cavenaugh Declaration, the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors, and has no connection to the Debtors, their creditors, or other parties in interest except as set forth in the Cavenaugh Declaration. Accordingly, the Debtors request that the Court approve the Application.

WHEREFORE, the Debtors request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  May 10, 2022  
Houston, Texas

*/s/ Michael K. Robinson*  
Michael K. Robinson  
Sungard AS New Holdings, LLC  
Chief Executive Officer, President

**Certificate of Service**

      I certify that on May 10, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ Jennifer F. Wertz*
      Jennifer F. Wertz

32300207v.1