United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 11, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 22-90018 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) ) | **Re: Docket No. 213** |

**ORDER (I) SETTING BAR DATES FOR FILING
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
UNDER SECTION 503(b)(9), (II) ESTABLISHING AMENDED SCHEDULES
BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING
THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING
SECTION 503(b)(9) REQUESTS, AND (IV) APPROVING NOTICE OF BAR DATES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order") (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these Chapter 11 Cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (c) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment, and (d) approving notice of the Bar Dates, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding within the meaning

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' tax identification numbers, are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions Inc. (1034); Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711). The location of the Debtors' service address for purposes of these chapter 11 cases is: 565 E Swedesford Road, Suite 320, Wayne, PA 19087.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

of 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

## I.      Bar Dates and Procedures for Filing Proofs of Claim

1.      Each entity[3] that asserts a claim (whether secured, unsecured, priority, or non-priority) against the Debtors that arose or is deemed to have arisen before the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code, must file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410, so that it is **actually received** by the Debtors' claims and noticing agent, Kroll Corporate Restructuring, LLC ("Kroll"), in accordance with the instructions set forth in this Bar Date Order, on or before **Wednesday, June 22, 2022** (the "General Bar Date"). The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from

---

[3]   Except as otherwise defined herein and in the Motion, all terms used but not defined herein that are specifically defined in the Bankruptcy Code, including "entity," "claim," and "governmental unit," shall have the meanings ascribed to such terms in section 101 of the Bankruptcy Code.

complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Bar Date Order.

2.      Each governmental unit that asserts a claim (whether secured, unsecured, priority, or non-priority) against the Debtors that arose or is deemed to have arisen before the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code and claims for unpaid taxes arising from prepetition tax years or periods or prepetition transactions, must file a Proof of Claim so that it is **actually received** by Kroll, in accordance with the instructions set forth in this Bar Date Order, on or before **Monday, October 10, 2022** (the "Governmental Bar Date").

3.      Unless otherwise ordered, each entity asserting a claim arising from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim on account of such claim so that it is **actually received** by Kroll, in accordance with the instructions set forth in this Bar Date Order, by the later of (a) the General Bar Date or Governmental Bar Date, as applicable, and (b) on the date that is thirty (30) days following entry of an order approving the Debtors' rejection of such executory contract or unexpired lease (the "Rejection Damages Bar Date").

4.      If the Debtors amend their Schedules after having given notice of the Bar Dates (as defined below), the Debtors shall give notice by first-class mail of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, such holders must file Proofs of Claim on account of such affected claims so that they are **actually received** by Kroll, in accordance with the instructions set forth in this Bar Date Order, by the later of (a)  the General Bar Date or Governmental Bar Date, as applicable, and (b) on the date that is thirty (30) days from the date the notice of the Schedule amendment is mailed (the "Amended Schedules Bar Date" and together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates").

5.      All Proofs of Claim must be filed so as to be **actually received** by Kroll on or before the applicable Bar Date.  If Proofs of Claim are not received by Kroll on or before the applicable Bar Date, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these Chapter 11 Cases and/or receiving distribution from the Debtors on account of such claims in these Chapter 11 Cases.

## II.      Parties Exempted from the Bar Date

6.      The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that has already filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Kroll in a form substantially similar to Official Form 410;

c.      any entity whose claim is listed on the Schedules and: (i) is **not** listed in the Schedules as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute the claim is an obligation of the specific Debtor whose Schedules list such claim;

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.      any Debtor holding a claim against another Debtor;

f.      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.      any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with a Court order;

h.      a current employee of the Debtors whose claim is for a wage, commission, or benefit that the Court has authorized, by entry of an order, the Debtors to pay in the ordinary course of business; *provided*, that a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising prior to the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, or retaliation;

i.      any current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must file a Proof of Claim based on such claim by the General Bar Date;

l.      any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, pursuant to an order granting the Debtors' motion to approve debtor-in-possession financing and use of cash collateral; and

m.     any entity holding an equity interest in any Debtor.

### III.    Substantive Requirements of Proofs of Claim

7.      The following requirements shall apply with respect to filing and preparing each

Proof of Claim:

a.      **Contents**.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative on behalf of the claimant.

b.      **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      **Electronic Signatures Permitted**.  Only **original** Proofs of Claim signed (including electronically) by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered and/or authorized by this Court, an original Proof of Claim filed with the original signature (including electronic) of a party other than the creditor who filed that claim must be retained and preserved by the filing party for a period of not less than 5 years after these Chapter 11 Cases are closed.

The filing party must produce the original document to the Court or other third party upon request for their review as required by the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

d.   **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.   A Proof of Claim filed without identifying a specific Debtor will be deemed as filed only against Sungard AS  LP.

e.   **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against **only one** clearly identified Debtor.  If a Proof of Claim lists more than one Debtor it may be treated as filed only against Sungard AS  LP.  Notwithstanding anything to the contrary set forth in the Bar Date Order, the filing of a Proof of Claim by an administrative agent or indenture trustee in one of the Chapter 11 Cases will also be deemed to constitute the filing of a Proof of Claim in the cases of all other Debtors against whom a claim may be asserted under the applicable credit agreement, indenture, or other operative documents.

f.   **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce those documents upon request by Debtors' counsel no later than ten (10) days from the date of such request.

g.   **Timely Service**.  Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by Kroll on or before the applicable Bar Date:  (i) electronically via the interface through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov) or the interface available on Kroll's website at https://cases.ra.kroll.com/SungardAS/ or (ii) by first class U.S. mail, overnight U.S. mail, or other hand delivery method at the following address:

Sungard AS New Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

h.   **Receipt of Service**.  Claimants wishing to receive proof of receipt of their Proofs of Claim submitted by U.S. mail must enclose (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope to Kroll.

6

### IV.      Identification of Known Creditors

8.      The Debtors shall mail notice of the Bar Dates only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

### V.      Procedures for Providing Notice of the Bar Date

#### A.      Mailing of Bar Date Notices

9.      No later than two (2) business days or as soon as reasonably practicable after entry of this Bar Date Order, the Debtors shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be mailed via first class mail to the following entities (or their respective counsel, if known):

> a.    the U.S. Trustee for the Southern District of Texas;
>
> b.    the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);
>
> c.    all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;
>
> d.    all entities that have requested notice pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;
>
> e.    all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of the Bar Date Order;
>
> f.    all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;
>
> g.    all entities who are a party to executory contracts and unexpired leases with the Debtors;
>
> h.    all entities who are a party to active litigation with the Debtors;
>
> i.    all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

<blockquote>

j.      all regulatory authorities that regulate the Debtors' business, including environmental and permitting authorities;

k.      the Offices of the Attorney General for each of the states in which the Debtors maintain or conduct business;

l.      the District Director of the Internal Revenue Service for the Southern District of Texas;

m.     all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

n.      all other entities listed on the Debtors' matrix of creditors;

o.      the United States Securities and Exchange Commission;

p.      the Office of the United States Attorney for the Southern District of Texas; and

q.      all entities that have filed a notice of appearance in the Canadian Proceedings or are on the service list posted on the Information Officer's website, in each case as of the date the Bar Date Order is entered.

</blockquote>

10.    Any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

11.    The Debtors or the Information Officer, as applicable, shall post this Order, the General Bar Date, the Bar Date Notice, and the Proof of Claim Form on (i) the Debtors' case website established by Kroll at https://cases.ra.kroll.com/SungardAS/ and (ii) the Information Officer's website established in respect of the Canadian Proceedings at https://www.alvarezandmarsal.com/SungardASCanada.   The Debtors will also post on the Company's website the General Bar Date and this Order (or a link to this Order on Kroll's website).

12.    After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses, *provided*, that the Debtors shall not be required to mail additional notices to entities whose notices are returned by the post office as "return to sender" without a forwarding address; (b) certain parties acting on behalf of

parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

> ### B.       Publication of Bar Date Notice

13.     The Debtors shall cause notice of the General Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in the national edition of *The New York Times* (or similar national newspaper) and any such other local publications, including a national newspaper in Canada, that the Debtors deem appropriate and disclose in their affidavit of service.

14.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

## VI.     Consequences of Failure to File a Proof of Claim

15.     Any entity that is required, but fails, to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be (a) forever barred, estopped, and

enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim and (b) prohibited from voting to accept or reject any chapter 11 plan filed in these Chapter 11 Cases, participating in any distribution in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and liquidated.

### VII.    Miscellaneous

16.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

17.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of this Bar Date Order.

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

19.     All time periods set forth in this Bar Date Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**Signed:  May 11, 2022.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## EXHIBIT 1

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

| Fill in this information to identify the case (Select only one Debtor per claim form): | |
|---|---|
| ☐ Sungard Availability Services, LP (Case No. 22-90017) | ☐ Sungard Availability Network Solutions Inc. (Case No. 22-90023) |
| ☐ Sungard AS New Holdings, LLC (Case No. 22-90018) | ☐ Sungard AS New Holdings II, LLC (Case No. 22-90024) |
| ☐ Sungard Availability Services (Canada) Ltd. (Case No. 22-90019) | ☐ Sungard Availability Services Holdings (Europe), Inc. (Case No. 22-90025) |
| ☐ Sungard Availability Services Holdings (Canada), Inc. (Case No. 22-90020) | ☐ Sungard Availability Services Holdings, LLC (Case No. 22-90026) |
| ☐ InFlow LLC (Case No. 22-90021) | ☐ Sungard Availability Services Technology, LLC (Case No. 22-90027) |
| ☐ Sungard AS New Holdings III, LLC (Case No. 22-90022) | ☐ Sungard Availability Services, Ltd. (Case No. 22-90028) |

## Modified Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) |
|---|---|
| | Other names the creditor used with the debtor _____ |

| 2. **Has this claim been acquired from someone else?** | ☐ No |
|---|---|
| | ☐ Yes. From whom? _____ |

| 3. **Where should notices and payments to the creditor be sent?** | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Name | Name |
| | Number        Street | Number        Street |
| | City                    State              ZIP Code | City                    State              ZIP Code |
| | Contact phone _____ | Contact phone _____ |
| | Contact email _____ | Contact email _____ |

| 4. **Does this claim amend one already filed?** | ☐ No | |
|---|---|---|
| | ☐ Yes.   Claim number on court claims registry (if known)_____ | Filed on _____ MM / DD / YYYY |

| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No |
|---|---|
| | ☐ Yes. Who made the earlier filing? _____ |

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:**<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**          $_____<br><br>**Amount of the claim that is secured:**     $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

| | | Amount entitled to priority |
|---|---|---|

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be part priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $ _____

☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $ _____

☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies.    $ _____

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**    $ _____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____ (mm/dd/yyyy)

_____
    Signature

**Print the name of the person who is completing and signing this claim:**

Name   _____
       First name                    Middle name                    Last name

Title   _____

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
          Number        Street

          _____
          City                              State      ZIP Code

Contact phone   _____   Email   _____

---

Modified Form 410                           **Proof of Claim**                           page 3

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.ra.kroll.com/SungardAS.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Sungard AS New Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://cases.ra.kroll.com/SungardAS/EPOC-Index.

---

**Do not file these instructions with your form**

## <u>EXHIBIT 2</u>

**Form of Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 22-90018 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**NOTICE OF DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT**
**PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF**
**THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| SUNGARD AVAILABILITY SERVICES, LP | 22-90017 |
| SUNGARD AS NEW HOLDINGS, LLC | 22-90018 |
| SUNGARD AVAILABILITY SERVICES (CANADA) LTD./SUNGARD SERVICES DE CONTINUITE DES AFFAIRES (CANADA) LTEE | 22-90019 |
| SUNGARD AVAILABILITY SERVICES HOLDINGS (CANADA), INC. | 22-90020 |
| INFLOW LLC | 22-90021 |
| SUNGARD AS NEW HOLDINGS III, LLC | 22-90022 |
| SUNGARD AVAILABILITY NETWORK SOLUTIONS INC. | 22-90023 |
| SUNGARD AS NEW HOLDINGS II, LLC | 22-90024 |
| SUNGARD AVAILABILITY SERVICES HOLDINGS (EUROPE), INC. | 22-90025 |
| SUNGARD AVAILABILITY SERVICES HOLDINGS, LLC | 22-90026 |
| SUNGARD AVAILABILITY SERVICES TECHNOLOGY, LLC | 22-90027 |
| SUNGARD AVAILABILITY SERVICES, LTD. | 22-90028 |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' tax identification numbers, are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions Inc. (1034); Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  565 E Swedesford Road, Suite 320, Wayne, PA 19087.

**PLEASE TAKE NOTICE THAT:**

On April 11, 2022 (the "Petition Date"), Sungard AS New Holdings, LLC and certain of its affiliates and subsidiaries, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases filed voluntary petitions for relief under chapter 11 of title 11 the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for Southern District of Texas (the "Court").

On [●], 2022, the Court entered an order [Docket No. [●]] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").  **For the avoidance of doubt, there is no separate claims process for creditors of Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee ("Sungard AS Canada"). Creditors of Sungard AS Canada, including any Canadian-based creditors, ARE NOT exempt from the Bar Date Order**.

For your convenience, enclosed within this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules").  If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**I.    THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates"):

   a.    **The General Bar Date**.  Except as described below, all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim so that they are **actually received** by **Wednesday, June 22, 2022**.  Except as otherwise set forth below, the General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Bar Date Order.

b.     **The Governmental Bar Date**. All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim so that they are **actually received** by **October 10, 2022**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors, including secured claims, unsecured priority claims, and unsecured non-priority claims, claims arising under section 503(b)(9) of the Bankruptcy Code, and claims for unpaid taxes arising from prepetition tax years or periods or prepetition transactions.

c.     **The Amended Schedules Bar Date**.  All persons or entities asserting claims against the Debtors' whose claims are affected by an amendment or supplement to the Debtors' Schedules are required to file Proofs of Claim so that they are **actually received by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) on the date that is thirty (30) days after the date on which the Debtors provide notice of such amendment or supplement**.

d.     **The Rejection Damages Bar Date**.  All persons or entities asserting claims against the Debtors' arising from the Debtors' rejection of an executory contract or unexpired lease are required to file Proofs of Claim so that they are **actually received by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) the date that is thirty (30) days following service of an order approving the rejection of such executory contract or unexpired lease; and (iii) any such other date that the Court may fix in the applicable order approving such rejection**.

## II.     WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following persons or entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date *must* file Proofs of Claim on or before the applicable Bar Date:

a.     any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or whose claim is listed as contingent, unliquidated, or disputed, if such person or entity desires to participate in the Chapter 11 Cases or otherwise wishes to share in any distribution arising from the Chapter 11 Cases;

b.     any person or entity that believes its claim is improperly classified in the Schedules or listed for an incorrect amount and desires to have its claim allowed under a classification or in an amount different than set forth in the Schedules;

c.     any former or present full-time, part-time, salaried, or hourly employee asserting a claim based on a grievance against any Debtor to the extent the grounds for such grievance arose on or prior to the Petition Date;

> d.  any person or entity that believes its claim is listed in the wrong Debtor's Schedule and desires to have its claim allowed against a Debtor whose Schedule does not list such entity's claim; and
>
> e.  any person or entity alleging that its claim is or may qualify as an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE A PROOF OF CLAIM

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need **not** file Proofs of Claims:

> a.  the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;
>
> b.  any person or entity that has already filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Kroll in a form substantially similar to Official Form 410;
>
> c.  any person or entity whose claim is listed on the Schedules and: (i) is **not** listed in the Schedules as "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute the claim is an obligation of the specific Debtor whose Schedules list such claim;
>
> d.  any person or entity whose claim has previously been allowed by a final order of the Court;
>
> e.  any Debtor holding a claim against another Debtor;
>
> f.  any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;
>
> g.  any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with a Court order;
>
> h.  a current employee of the Debtors whose claim is for a wage, commission, or benefit that the Court has authorized, by entry of an order, the Debtors to pay in the ordinary course of business; *provided*, that a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising prior to the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, or retaliation;

4

i.      any current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any person or entity holding a claim for which a separate deadline is fixed by this Court;

k.      any person or entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must file a Proof of Claim based on such claim by the General Bar Date;

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, pursuant to an order granting the Debtors' motion to approve debtor-in-possession financing and use of cash collateral; and

m.      any person or entity holding an equity interest in any Debtor.

## IV.     INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      **Contents**.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars;  (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative on behalf of the claimant.

b.      **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      **Electronic Signatures Permitted**.  Only **original** Proofs of Claim signed (including electronically) by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered and/or authorized by this Court, an original Proof of Claim filed with the original signature (including electronic) of a party other than the creditor who filed that claim must be retained and preserved by the filing party for a period of not less than 5 years after these Chapter 11 Cases are closed. The filing party must produce the original document to the Court or other

third party upon request for their review as required by the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

d.      **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed without identifying a specific Debtor will be deemed as filed only against Sungard Availability Services, LP ("Sungard AS  LP").

e.      **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against **only one** clearly identified Debtor.  If a Proof of Claim lists more than one Debtor it may be treated as filed only against Sungard AS  LP.  Notwithstanding anything to the contrary set forth in the Bar Date Order, the filing of a Proof of Claim by an administrative agent or indenture trustee in one of the Chapter 11 Cases will also be deemed to constitute the filing of a Proof of Claim in the cases of all other Debtors against whom a claim may be asserted under the applicable credit agreement, indenture, or other operative documents.

f.      **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce those documents upon request by Debtors' counsel no later than ten (10) days from the date of such request.

g.      **Timely Service**.  Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by Kroll on or before the applicable Bar Date:  (i) electronically via the interface through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov) or the interface available on Kroll's website at https://cases.ra.kroll.com/SungardAS/ or (ii) by first class U.S. mail, overnight U.S. mail, or other hand delivery method at the following address:

Sungard AS New Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

h.      **Receipt of Service**.  Claimants wishing to receive proof of receipt of their Proofs of Claim submitted by U.S. mail must enclose (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope to Kroll.

## V.     CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.     YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.     YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

c.     YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.   THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s).

If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do **not** need to file a Proof of Claim.  Otherwise, or if you decide to file a

Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.   ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://cases.ra.kroll.com/SungardAS/. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at https://pacer.login.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' claims and noticing agent, Kroll at (844) 224-1140 (Toll Free) or (646) 979-4408 (International).

| |
|---|
| **HOLDERS OF POSSIBLE CLAIMS AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM** |

# **EXHIBIT 3**

**Form of Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 22-90018 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE GENERAL BAR DATE IS WEDNESDAY, JUNE 22, 2022**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

     **Deadlines for Filing Proofs of Claim**.  On [●], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim"), in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| SUNGARD AVAILABILITY SERVICES, LP | 22-90017 |
| SUNGARD AS NEW HOLDINGS, LLC | 22-90018 |
| SUNGARD AVAILABILITY SERVICES (CANADA) LTD./SUNGARD SERVICES DE CONTINUITE DES AFFAIRES (CANADA) LTEE | 22-90019 |
| SUNGARD AVAILABILITY SERVICES HOLDINGS (CANADA), INC. | 22-90020 |
| INFLOW LLC | 22-90021 |
| SUNGARD AS NEW HOLDINGS III, LLC | 22-90022 |
| SUNGARD AVAILABILITY NETWORK SOLUTIONS INC. | 22-90023 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' tax identification numbers, are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions Inc. (1034); Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  565 E Swedesford Road, Suite 320, Wayne, PA 19087.

| SUNGARD AS NEW HOLDINGS II, LLC | 22-90024 |
| SUNGARD AVAILABILITY SERVICES HOLDINGS (EUROPE), INC. | 22-90025 |
| SUNGARD AVAILABILITY SERVICES HOLDINGS, LLC | 22-90026 |
| SUNGARD AVAILABILITY SERVICES TECHNOLOGY, LLC | 22-90027 |
| SUNGARD AVAILABILITY SERVICES, LTD. | 22-90028 |

**The Bar Dates**. Pursuant to the Bar Date Order, **all** persons and entities that have a claim or potential claim against the Debtors that arose prior to April 11, 2022, no matter how remote or contingent such right to payment or equitable remedy may be, **including** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **Wednesday, June 22, 2022** (the "General Bar Date"). All governmental units that have a claim or potential claim against the Debtors that arose prior to April 11, 2022, no matter how remote or contingent such right to payment or equitable remedy may be MUST FILE A PROOF OF CLAIM on or before **Monday, October 10, 2022** (the "Governmental Bar Date"). All persons and entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by **the later of (a) the General Bar Date or Governmental Bar Date, as applicable, and (b) on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease** (the "Rejection Damages Bar Date"). All persons and entities holding claims affected by an amendment to the Debtors' schedules are required to file Proofs of Claim **by the later of (a) the General Bar Date or Governmental Bar Date, as applicable, and (b) on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules** (the "Amended Schedules Bar Date"). **For the avoidance of doubt, there is no separate claims process for creditors of Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee ("Sungard AS Canada"). Creditors of Sungard AS Canada, including any Canadian-based creditors, ARE NOT exempt from the Bar Date Order**.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE  SHALL NOT BE TREATED AS A CREDITOR  WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim.** Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by the Debtors' claims and noticing agent, Kroll Corporate Restructuring, LLC ("Kroll"), on or before the General Bar Date (or, where applicable, on or before any other Bar Dates as set forth herein or by order of the Court) either:  (i) electronically via the interface through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov) or with Kroll at https://cases.ra.kroll.com/SungardAS/; or (ii) by first class U.S. mail, overnight U.S. mail, or other hand delivery method at the following address:

Sungard AS New Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Contents of Proofs of Claim**.  Each Proof of Claim must:  (1) be written in legible English; (2) include a claim amount denominated in United States dollars; (3) clearly identify the Debtor against which the claim is asserted; (4) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (5) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (6) include as attachments any and all supporting documentation on which the claim is based.  **Please note** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, the Proof of Claim may be treated as if filed only against Sungard Availability Services, LP ("Sungard AS LP") or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Sungard AS  LP.

**Electronic Signatures Permitted**.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim must be retained by the filing party for a period of not less than five (5) years after the Debtors' cases are closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

**Section 503(b)(9) Requests for Payment**.  Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also:  (1) include the value of the goods received by the Debtors in the twenty (20) days prior to the Petition Date; (2) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (3) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Additional Information**.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by:  (i) calling Kroll at (844) 224-1140 (Toll Free) or (646) 979-4408 (International); or (ii) visiting https://cases.ra.kroll.com/SungardAS/.