## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.,*[1] | ) | Case No. 22-90018 (DRJ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| _____ | ) | |

## SYKES ENTERPRISES, INCORPORATED'S OBJECTION TO DEBTORS' (A) NOTICE OF ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE (DOC. NO. 259) AND (B) NOTICE OF SUPPLEMENTAL POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE (DOC. NO. 310)

Sykes Enterprises, Incorporated ("Sykes"), by and through its undersigned counsel, objects to the proposed cure amounts in Debtors' (a) *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* (the "Initial Cure Notice") (Doc. No. 259) and (b) *Notice of Supplemental Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* (the "Supplemental Cure Notice") (Doc. No.310). In support of this Objection, Sykes states as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of the Debtors' tax identification numbers are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions, Inc. (1034): Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711). The location of the Debtors' service address for purposes of these chapter 11 cases is: 565 E. Swedesford Road, Suite 320, Wayne, PA 19087.

## BACKGROUND

1.     On April 11, 2022 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for reorganization pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.     Sykes provides customer facing and technical services for the Debtors pursuant to, among other documents, a Master Agreement for Professional Services and its related amendments, schedules, and other ancillary agreements referenced in the Cure Notice, at Nos. 6697-6716 and certain other documents or agreements which may not be referenced in the Cure Notice and/or the Supplemental Cure Notice (collectively, the "Agreements"). The Agreements are executory contracts within the meaning of section 365 of the Bankruptcy Code.

3.     On June 3, 2022, the Debtors filed the Initial Cure Notice in connection with a potential assumption and assignment of the Agreements, in addition to other executory contracts and unexpired leases. As it relates to the Agreements (20 total documents), the Initial Cure Notice reflects a stated cure amount of "TBD" for each document.

4.     On June 14, 2022, Debtors filed the *Notice of Supplemental Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Lease* at Doc. No. 310 (the "Supplemental Cure Notice"). The Agreements are listed on the Supplemental Cure Notice at Nos. 6688-6707. Each of the Agreements is listed as having a cure amount of $0 (the "Cure Amounts"). This is inaccurate because Sykes is currently owed the following for pre-petition services rendered to the Debtors under the following invoices:

| Invoice No. | Service Period | Invoice Date | Outstanding Amount |
|---|---|---|---|
| I020232523 | 2/1 to 2/28/22 | 3/21/2022 | $280,981.53 |

|            |              |           |            |
|------------|--------------|-----------|------------|
| I010121797 | 3/1 to 3/31/22 | 5/20/2022 | 284,790.47 |
| I010122208 | 4/1 to 4/11/22 | 5/20/2022 | 91,143.42 |
|            |              |           | $656,915.42 |

In addition, Sykes has invoiced the Debtors $175,493.77 for post-petition services from the Petition Date through April 30, 2022 and continues to render services to the Debtors in an amount of approximately $280,000 per month. Though June 15, 2022, Sykes estimates that the total unpaid services rendered under the Agreements exceeds $972,000. As required by section 362(b) of the Bankruptcy Code, the Debtors must cure any monetary obligation as of the date of assumption.

5.     Sykes reserves all of its rights with respect to the prospective assumption and assignment of the Agreements, and it objects to the stated cure amounts applicable to the Agreements in the Cure Notice and Supplemental Cure Notice.

### **RELIEF REQUESTED**

6.     To assume (or assume and assign) the Agreements, the Debtors are required to cure defaults existing under such instruments pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee…cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

7.     The Debtors must pay Sykes $656,915.42, plus any unpaid postpetition charges which accrue between the Petition Date and the effective date of any assumption, as a condition to any assumption and/or assignment of the Agreements. Sykes reserves its right to further object to the Cure Amounts or to object to the assumption and assignment of the Agreements.

## RESERVATION OF RIGHTS

8.      Sykes specifically reserves its rights to object to any other relief sought by the Debtors in connection with the assumption and assignment of the Agreements, including, without limitation, an assignee's proposed adequate assurance of future performance.

## CONCLUSION

WHEREFORE, Sykes respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

DATED: June 21, 2022                                    Respectfully submitted,

                                                       */s/ Mark A. Platt*_____
                                                       Mark A. Platt, Esq.
                                                       FROST BROWN TODD LLC
                                                       100 Crescent Court, Suite 350
                                                       Dallas, TX 75201
                                                       Tel:    (214) 580-5852
                                                       Fax:    (214) 545-3473
                                                       Email:  mplatt@fbtlaw.com

                                                       *Counsel for Sykes Enterprises, Incorporated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in this case on June 21, 2022:

                                                       */s/ Mark A. Platt*_____
                                                       Mark A. Platt

0104593.0756275   4871-8403-6645v4