UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 22-90018 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) | **Re: Docket No __** |

### ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO THE SETTLEMENT STIPULATION WITH CHICAGO ENTERPRISE, LLC AND PERFORM THEIR OBLIGATIONS THEREUNDER AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) enter into the Stipulation with Element Critical, on the terms set forth in the Stipulation, and (ii) perform any and all obligations thereunder, including, without limitation, the assignment of the Customer Contracts to Element Critical as set forth on **Schedule 1** hereto and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper

---

[1] The last four digits of the Debtors' tax identification numbers are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions Inc. (1034); Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711). The location of the Debtors' service address for purposes of these chapter 11 cases is: 565 E Swedesford Road, Suite 320, Wayne, PA 19087.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and upon consideration of the Motion and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders and all other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Stipulation attached hereto as **Exhibit A** is within the range of reasonableness and in the best interests of the Debtors and their estates and creditors.

3. The Stipulation is approved and authorized and the Debtors are authorized to perform in accordance with the terms of the Stipulation.

4. The provisions of the Stipulation are incorporated herein by reference and shall be effective and binding as though fully set forth herein.

5. The Debtors are authorized to assume and assign the Customer Contracts set forth on **Schedule 1** hereto to Element Critical pursuant to Bankruptcy Code section 365.

6. Pursuant to the terms of the Stipulation, Element Critical agrees to fully and finally waive any and all claims against the Debtors on account of the rejection of the Master Agreement.

7. This Order and the terms of the Stipulation shall be binding on the Parties and any affiliates or successors in interest thereof.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

9. The Debtors and Element Critical are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6006.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2022

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 22-90018 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

## SETTLEMENT STIPULATION BETWEEN
## THE DEBTORS AND ELEMENT CRITICAL

Sungard Availability Services, LP ("Sungard AS" and, together with the other above-captioned debtors and debtors in possession, the "Debtors") and Chicago Enterprise, LLC d/b/a Element Critical ("Element Critical" and, together with Sungard AS, the "Parties"), hereby stipulate and agree (this "Stipulation"), by and through their undersigned counsel, as follows:

### Recitals

WHEREAS, on April 11, 2022 (the "Petition Date") the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' tax identification numbers, are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions Inc. (1034); Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711). The location of the Debtors' service address for purposes of these chapter 11 cases is: 565 E Swedesford Road, Suite 320, Wayne, PA 19087.

administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure [Docket No. 27] (the "Bankruptcy Rules").

WHEREAS, on April 25, 2022, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 137].

WHEREAS, on October 17, 2022, the Bankruptcy Court entered an order confirming the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Sungard AS New Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 763, Ex. A.] (the "Plan").

WHEREAS, Sungard AS and Element Critical entered into that certain master services agreement dated January 4, 2019 (the "Master Agreement"), whereby Element Critical agreed to provide certain network and managed services to Sungard AS on the terms and conditions set forth therein.

WHEREAS, Element Critical has asserted a claim in the amount of $960,172.22 against Sungard AS (the "Element Critical Prepetition Claim") in respect of prepetition services provided to Sungard AS pursuant to the Master Agreement.

WHEREAS, the Parties agree that Element Critical, as of the Petition Date, owed Sungard AS an amount equal to $316,206.00 relating to prepetition services provided by Sungard AS to Element Critical pursuant to the Master Agreement (the "Sungard AS Prepetition Claim" and, together with the Element Critical Prepetition Claim, the "Prepetition Claims").

WHEREAS, on a postpetition basis, Element Critical has asserted that the Debtors owe Element $1,227,828.20 for services provided by Element Critical to the Debtors (the "Element Critical Postpetition Claim").

2

WHEREAS, on a postpetition basis, Element Critical owes the Debtors $458,900.42 for services provided by the Debtors to Element Critical (the "Sungard AS Postpetition Claim").

WHEREAS, Sungard AS and the Ann & Robert H. Lurie Children's Hospital of Chicago (the "Lurie Children's Hospital") entered into that certain Data Center Co-Location and Services Agreement dated December 31, 2010 (as amended, amended and restated or otherwise modified from time to time, the "Lurie Children's Hospital Master Agreement" and, together with all active schedules, service orders, exhibits, addenda, statements of work or other documents executed pursuant to such agreement, the "Lurie Children's Hospital Contracts"), whereby Sungard AS agreed to provide certain network and managed services to the Lurie Children's Hospital on the terms and conditions set forth therein.

WHEREAS, Sungard AS and Illinois Municipal Retirement Fund (the "IMRF") entered into that certain Global Master Services Agreement dated April 1, 2013 (as amended, amended and restated or otherwise modified from time to time, the "IMRF Master Agreement" and, together with all active schedules, service orders, exhibits, addenda, statements of work or other documents executed pursuant to such agreement, the "IMRF Contracts"), whereby Sungard AS agreed to provide certain network and managed services to IMRF on the terms and conditions set forth therein.

WHEREAS, Sungard AS and MHC Operating Limited Partnership ("MHC" and, together with Lurie Children's Hospital and the IMRF, the "Customers") entered into that certain Master Services Agreement dated August 13, 2004 (as amended, amended and restated or otherwise modified from time to time, the "MHC Master Agreement" and, together with all active schedules, service orders, exhibits, addenda, statements of work or other documents executed pursuant to such agreement, the "MHC Contracts," and the MHC Contracts together with the Lurie Children's

3

Hospital Contracts and the IMRF Contracts, the "Customer Contracts"), whereby Sungard AS agreed to provide certain network and managed services to MHC on the terms and conditions set forth therein.

WHEREAS, the Debtors, in the exercise of their business judgment, have determined that the contractual obligations, as currently set forth under the Master Agreement and the Customer Contracts, are burdensome to the Debtors.

WHEREAS, after arm's-length and good faith negotiations, the Debtors and Element Critical have reached a commercial agreement that will provide material monetary benefits to the Debtors' estates and provide for the transition of the Customers to an alternative service provider by (i) agreeing to the consensual setoff and waiver of all prepetition and certain postpetition amounts due to and from the Debtors and Element Critical and (ii) assuming and assigning the Customer Contracts to Element Critical (collectively, the "Transactions").

WHEREAS, the Debtors have determined, in the reasonable exercise of their business judgment, that entry into this Stipulation is in the best interests of the Debtors and their estates.

**Stipulation**

1. The recitals set forth above are true and correct and are incorporated herein by reference as if restated in full.

2. Upon execution of this Stipulation by the Parties, the Debtors shall promptly file a motion with the Bankruptcy Court (the "Motion") seeking, among other things, approval of this Stipulation and the transactions contemplated hereby under Bankruptcy Code sections 105, 363 and 365 and Bankruptcy Rule 9019.

3. This Stipulation shall be effective with respect to the Parties upon the date that the Bankruptcy Court enters an order approving the Motion and this Stipulation (the "Approval

Effective Date"). If the Approval Effective Date does not occur by November 30, 2022, this Stipulation shall be null and void and the Parties shall revert to their respective positions as if such documentation never existed.

4. <u>Claim Waivers</u>. Upon the Approval Effective Date, the Parties agree to the following:

    a. *Prepetition Claims*. Element Critical shall waive the Element Critical Prepetition Claim, and Sungard AS shall waive the Sungard AS Prepetition Claim. Element Critical's Prepetition Claim shall be deemed withdrawn.

    b. *Postpetition Claims*. Element Critical shall reduce the Element Critical Postpetition Claim by an amount equal to the sum of (x) $441,589.93 and (y) the Sungard AS Postpetition Claim, such that, on a net basis, the Element Critical Postpetition Claim shall be allowed in an amount not to exceed $327,337.87 (the "<u>Allowed Postpetition Claim</u>"), which shall be paid to Element Critical within ten (10) days from the Approval Effective Date. The Parties acknowledge and agree that the Transactions contemplated herein are based on an assumed Approval Effective Date of November 1, 2022. If the Approval Effective Date does not occur on or prior to November 1, 2022, the Parties shall cooperate in good faith on any adjustments or modifications to the Transactions, including, without limitation, the amount of the Allowed Postpetition Claim relating to any prorated postpetition claims for the month of November 2022 to be paid to Element Critical.

    c. *Claim Waiver*. Except as provided herein, the Debtors and Element Critical shall waive and release any and all claims that they may have against each other arising prior to the Approval Effective Date, as applicable.

5. <u>Assumption and Assignment of Customer Contracts</u>. As part of the Motion, the Debtors shall seek to assume and assign the Customer Contracts to Element Critical pursuant to Bankruptcy Code section 365, with the effectiveness of any such assignment to occur on the Approval Effective Date.

6. <u>Rejection of Master Agreement</u>. The Master Agreement has been rejected pursuant to the terms of the Plan. Any claims that could be asserted by Element Critical as a result of such rejection and that are not otherwise expressly provided for herein shall be waived in full as part of this Stipulation.

7. <u>Reconciliation</u>.  If any payment shall be made by a third party to Element Critical on account of the Customer Contracts related to services provided prior to November 1, 2022 (the "<u>Seller Reconciliation Payment</u>"), then Element Critical shall notify Sungard AS of the Seller Reconciliation Payment, and turn such Seller Reconciliation Payment over to Sungard AS within five (5) days of receipt of the Seller Reconciliation Payment.  If any payment shall be made by a third party to Sungard AS on account of the Customer Contracts related to services provided subsequent to November 1, 2022 (the "<u>Purchaser Reconciliation Payment</u>"), then Sungard AS shall notify Element Critical of the Purchaser Reconciliation Payment, and turn such Purchaser Reconciliation Payment over to Element Critical within five (5) days of receipt of the Purchaser Reconciliation Payment.

8. This Stipulation is intended by the Parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary or affiliated entity of the Parties.

9. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective parties and that the respective parties have full knowledge of, and have consented to, this Stipulation.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Stipulation.

11. The Parties agree that each of them, through their respective counsel, has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

12. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements and understandings, both written and oral, among the Parties with respect thereto.

13. This Stipulation shall not be modified, altered, amended or supplemented except by a writing executed by the Parties or their authorized representatives.  Any such modification, alteration, amendment or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

14. Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval and to enforce this Stipulation; and (b) to seek damages or injunctive relief in connection therewith.

15. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

**IN WITNESS WHEREOF**, the Parties, by their authorized counsel, executed this Stipulation as of the date written below:

Dated: October 26, 2022

/s/ *Matthew D. Cavenaugh*
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Rebecca Blake Chaikin (S.D. Bar No. 3394311)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email:  mcavenaugh@jw.com
    jwertz@jw.com
    rchaikin@jw.com

*Co-Counsel to the Debtors and Debtors in Possession*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Philip C. Dublin (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Melanie A. Miller (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  pdublin@akingump.com
    mlahaie@akingump.com
    melanie.miller@akingump.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr. (TX Bar No. 00793386)
Lacy M. Lawrence (TX Bar No. 24055913)
Zach D. Lanier (TX Bar No. 24124968)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email:  mbrimmage@akingump.com
    llawrence@akingump.com
    zlanier@akingump.com

*Co-Counsel to the Debtors and Debtors in Possession*

/s/ *Eric J. Taube*
**WALLER LANSDEN DORTCH & DAVIS, LLP**
Eric J. Taube (TX Bar No. 19679350)
William R. "Trip" Nix (TX Bar No. 24092902)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 685-6400
Email:  eric.taube@wallerlaw.com
    trip.nix@wallerlaw.com

*Counsel to Creditor Chicago Enterprise, LLC d/b/a Element Critical*

## Schedule 1

### Customer Contracts

| NAME | ADDRESS | DEBTOR | DESCRIPTION[1] | EFFECTIVE DATE | CURE AMOUNT |
|---|---|---|---|---|---|
| ANN & ROBERT H. LURIE CHILDREN'S HOSPITAL OF CHICAGO | 225 EAST CHICAGO AVENUE BOX 100 CHICAGO, IL 60611 | SUNGARD AVAILABILITY SERVICES LP | DATA CENTER CO-LOCATION AND SERVICES AGREEMENT | 12/31/2010 | $0 |
| ILLINOIS MUNICIPAL RETIREMENT FUND | 2211 YORK RD STE 500 OAK BROOK, IL 60523 | SUNGARD AVAILABILITY SERVICES LP | GLOBAL MASTER SERVICES AGREEMENT | 4/1/2013 | $0 |
| MHC OPERATING LIMITED PARTNERSHIP | TWO NORTH RIVERSIDE PLAZA SUITE 800 CHICAGO, IL 60606 | SUNGARD AVAILABILITY SERVICES LP | MASTER SERVICES AGREEMENT | 8/13/2004 | $0 |

---

[1] Unless otherwise indicated, any reference to a particular agreement includes all schedules, exhibits, addenda, statements of work or other documents executed pursuant to such agreement and any amendments, modifications or supplements thereto.